404 A.2d 407

**John W. MERRIAM**

v.

**CEDARBROOK REALTY, INC. and Witchwood, Inc. and Cedarbrook Joint Venture, Defendants,**

**Merrill Taub and Anthony H. Harwood, Trustees for Institutional Investors Trust, Intervenor and the Fidelity Bank, Intervenor.**

**Appeal of Merrill TAUB and Anthony H. Harwood, Trustees for Institutional Investors Trust, Intervenor.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1978.

Decided Dec. 29, 1978.

Petition for Allowance of Appeal Granted April 17, 1979.

270

Jerome J. Shestack, Philadelphia, for appellants.

Jeffrey A. Less, Philadelphia, for appellee, John W. Merriam.

No appearance entered nor brief submitted for appellee, The Fidelity Bank, intervenor.

Before JACOBS, President Judge, and CERCONE and LIPEZ, JJ.

JACOBS, President Judge:

This appeal is taken from an order of the court below dismissing the petition of Institutional Investors Trust (IIT) to mark a judgment entered by Merriam satisfied under the Deficiency Judgment Act.[1] The issue for our determination is whether the lower court erred in dismissing the petition on the record before it. For the reasons that follow, we find no error, and therefore affirm the order entered below.

On June 30, 1976, Merriam confessed judgment against defendants (the Cedarbrook Companies) for an amount in excess of ten million dollars, under a note and mortgage assigned to him by the Fidelity Bank (Fidelity). A writ of execution was subsequently issued on the judgment, and a sheriff's sale was scheduled for four tracts of land owned by defendants. IIT sought to intervene in the proceedings to seek a stay of execution as to two of the four tracts, alleging that their sale was barred by an agreement executed between IIT and Fidelity. Although IIT was not permitted to intervene, it obtained two stays of execution from this Court as to the contested tracts, pending appeal from the denial of intervention.[2] Merriam proceeded with execution sale of the remaining properties, and was the successful bidder as lien creditor for $250,000.

On June 15, 1977, IIT petitioned the court below to set aside Merriam's bid under Pa.R.C.P. 3132, and to direct a

1. Act of July 16, 1941, P.L. 400, § 1, 12 P.S. §§ 2621.1–.11 (1967).

2. The complicated factual background of this litigation is set forth in our prior opinion granting IIT leave to intervene in the execution proceedings. *Taub v. Merriam*, 251 Pa.Super. 572, 380 A.2d 1245 (1977). Only as much of the story as is necessary to the disposition of this appeal will be related here.

sale of the two tracts to IIT as second bidder for failure of Merriam to consummate the purchase. After an answer was filed by Merriam, the court below ordered the matter to argument, after the taking of depositions, if necessary. Then on February 10, 1978, IIT filed the instant petition to mark Merriam's judgment satisfied under the Deficiency Judgment Act. Merriam answered this petition, and later moved for judgment on the pleadings. The two petitions were consolidated for argument, and after a hearing in the court below, Judge CIRILLO dismissed IIT's petition to mark Merriam's judgment satisfied.[3] This appeal followed.

■ The Deficiency Judgment Act provides:

Whenever any real property has heretofore been or is hereafter sold, directly or indirectly, to the plaintiff in execution proceedings and the price for which such property has been sold was or is not sufficient to satisfy the amount of the judgment, interest and costs and the plaintiff seeks to collect the balance due on said judgment, interest and costs, the plaintiff or plaintiffs shall petition the court having jurisdiction to fix the fair market value of the real property sold as aforesaid. Said petition shall be signed and sworn to by the plaintiff or plaintiffs.

Act of July 16, 1941, P.L. 400, § 1, 12 P.S. § 2621.1 (1967). Under section 7 of the Act, 12 P.S. § 2621.7, the petition to fix the fair market value of the realty must be filed within six months after sale of the property. The six-month period, however, runs from the date of delivery of the deed by the sheriff, not the date of execution sale. *Marx Realty & Improvement Co., Inc. v. Boulevard Center, Inc.*, 398 Pa. 1, 7, 156 A.2d 827 (1959); *Delaware Valley Factors, Inc. v. G. B. Echenhofer Co., Inc.*, 226 Pa.Super. 165, 170, 313 A.2d 318 (1973).

There is no dispute that a petition under the Act has not been filed in this case. The parties also agree that *no deed*

3. At the hearing on July 24, 1978, IIT withdrew its motion to set aside Merriam's bid.

has been delivered by the sheriff. IIT alleges, however, that the deed has not been delivered because Merriam has refused to consummate the sale. Accordingly, we are urged to mark the judgment satisfied for Merriam's alleged delay in preparing the deed and presenting it for signing. See *Shrawder v. Quiggle*, 256 Pa.Super. 303, 309, 389 A.2d 1135, 1138 (1978).

We continue to recognize that the sanctions provided for in the Act may be imposed by a court against an unduly dilatory execution plaintiff. Nevertheless, we agree with the court below that appellant has not demonstrated the bad faith required to invoke the Act in this case. The propriety of execution by Merriam against two of the four tracts of land securing the Cedarbrook loans has been vigorously contested by IIT, and that issue is still pending before this Court. Merriam maintained below that the interrelationship of the four parcels is crucial to a determination of their value, and that the common ownership of all tracts substantially affects the value thereof. We find no justification for disturbing the lower court's finding that this reason for postponing the sale cannot indicate bad faith.

Furthermore, part of the delay in this case has been caused by IIT's petition to set aside Merriam's bid. Pa.R. C.P. 3135 provides that the sheriff shall not execute a deed to the property sold if a petition to set aside the sale has been filed. See 9 Goodrich-Amram 2d, *Standard Pennsylvania Practice* § 3135:3 (1977). Although this petition was subsequently withdrawn, its legal effect during the time it was pending lends support to the conclusion that bad faith by Merriam did not delay consummation of the sale.

Our concurrence in the lower court's finding that Merriam did not act in bad faith does not, however, end our inquiry. IIT contends that the court below improperly entered judgment on the pleadings in Merriam's favor, in violation of Pa.R.C.P. 209 and 1034. We cannot agree.

■ As previously discussed, the court below ordered the petition to set aside Merriam's bid and answer thereto to argument after depositions, if necessary. IIT's petition to mark Merriam's bid was subsequently filed, and Merriam's deposition was undertaken. A dispute arose as to the discoverability of certain documents in Merriam's possession, and consequently Merriam moved for judgment on the pleadings. IIT now alleges that dismissal of its petition to mark the judgment satisfied violated its right to "trial" under Rule 209. It further avers that judgment on the pleadings was improper under Rule 1034.

We initially have difficulty accepting the conclusion that the decision of the court below was a judgment on the pleadings, given the fact that the court heard appellant's petition, Merriam's answer, Merriam's deposition, and arguments of counsel. To the contrary, the order and opinion of the court below indicate that Judge CIRILLO's dismissal of IIT's petition was a decision on the merits, rather than a summary disposition of the case. And we find no abuse of the discretion given to the lower court in disposition of a petition and answer. *See e. g.,* 1 Goodrich-Amram 2d, *Standard Pennsylvania Practice* § 207:1.1 (1976). The court was not required to postpone a decision in this case pending endless, irrelevant depositions, when the record before it was sufficient as a matter of law to dismiss the petition.

■ We have recognized past efforts to circumvent the procedures set forth in Rule 209, and rejected that course: *Zinck v. Smashy's Auto Salvage, Inc.,* 250 Pa.Super. 553, 378 A.2d 1287 (1977); *Instapak Corp. v. S. Weisbrod Lamp & Shade Co.,* 248 Pa.Super. 176, 374 A.2d 1376 (1977). But where, as here, a substantially complete deposition has been taken on the only material issue in dispute, and that deposition is placed before the court with the petition and answer, and the parties argue the merits to the court, we find no contravention of Rule 209.

Order affirmed.