## Batchelor v. Dobmeir

*Robert B. McCullough,* for plaintiff.
*Donald J. Rogala,* for defendants.

JIULIANTE, *J.,* December 11, 1984—This matter comes before the court on plaintiff Dorothy Y. Batchelor's petition to fix value of real property. In response to plaintiff's petition, defendant filed an answer and new matter alleging plaintiff's action to be barred by the statute of limitations and defendant's discharge in bankruptcy dated June 2, 1983. Defendant also filed a petition to mark judgment satisfied, released and discharged, again alleging plaintiff's failure to file a petition within the time limited by statute.

On January 22, 1980, defendants executed a mortgage in favor of the plaintiff for the amount of $80,000. The collateral given for the mortgage was a parcel of real estate commonly known as 4012 Main Street, Lawrence Park, Pa. The mortage subsequently became in default, and as a result of the default, plaintiff filed a complaint in mortgage foreclosure. As a result of the complaint in mortgage foreclosure, judgment was entered against defendants in the amount of $91,671.21. Plaintiff proceeded with execution on the judgment, and as a result, a sheriff's sale was held on March 9, 1984. Plaintiff purchased the property at the sheriff's sale and after the appropriate period of time had lapsed, a sheriff's deed was delivered to plaintiff on March 19, 1984. Subsequently, on September 13, 1984, plaintiff filed his petition to fix the value of the property purchased at the March 9, 1984 sheriff's sale. Because plaintiff's petition was filed over six months after the March 9 sheriff's sale, defendant argues that plaintiff's petition is barred by the statute of limitations.

While it is true that plaintiff's petition was filed over six months after the sheriff's sale, plaintiff did file his petition within six months from the date of delivery of the deed on March 19, 1984. Because the courts of Pennsylvania have long held that the six-month period in which a party may file his petition to fix value on property sold in an execution proceeding runs from the date of delivery of deed by sheriff and not the date of sale, defendant's contentions are without merit. Marx Realty & Improvement Co., Inc. v. Boulevard Center, Inc., 398 Pa. 1, 146 A.2d 827 (1959), Delaware Valley Factors, Inc. v. G. B. Echenhoffer, Co., Inc., 226 Pa. Super. 165, 313 A.2d 318 (1973), Merriam v. Cedarbrook Realty, Inc., 266 Pa. Super. 269, 404 A.2d 407 (1978), Matter of Russell, 8 Bankr. 342 (W.D., Pa. 1980).

By way of new matter, defendant makes various allegations concerning the subsequent sale of inventory that took place after plaintiff received title to the property. Defendant also alleges that this court is prohibited from entering an "in personam" judgment against defendant because of a discharge in bankruptcy defendant received on June 2, 1983. While such claims, even if proved, would have no effect on the matter currently before this court, defendant is entitled to an accounting of all sums received by plaintiff from the sale of the inventory and equipment, and from rental payments.

## ORDER

And now, this December 11, 1984, based upon the reasoning stated in the above opinion, plaintiff's petition to fix value of real property is hereby granted, and the parties are ordered to appear at a valuation hearing to be held on February 1, 1985 at 1:30 p.m.