Petrie *v*. Haddock, Appellant.

8

Argued October 10, 1955. Before STERN, C. J., STEARNE, JONES and MUSMANNO, JJ.

*John A. Metz, Jr.,* with him *Joseph D. Ripp,* and *Metz, McClure, Hanna & MacAlister,* for appellant.

*Martin L. Moore, Jr.,* with him *Lester K. Wolf, J. R. VanKirk,* and *Tener, VanKirk, Wolf & Moore,* for appellees.

OPINION BY MR. JUSTICE JONES, January 3, 1956:

In this case a draft of a proposed agreement for the leasing of coal lands with certain surface rights for a stripping operation was submitted to the prospective contracting parties. Following a description of the properties, the writing contained eleven consecutively numbered paragraphs of terms and conditions. Paragraph 9 provided that "No modification, alteration, waiver or addition to this agreement or any part thereof, shall be valid or binding or be set up or relied upon by either party unless the same is in writing and signed by HADDOCK and PETRIE. No evidence of any such modifications, alterations, waiver or addition shall be received in any controversy arising out of this agreement, unless it is in writing and signed as aforesaid."

The agreement, as drawn, was not acceptable to the lessors because of the limitation, under the terms and conditions of paragraph 2, placed upon the lessee's responsibility for the filling in of excavations with the waste and spoil from the coal stripping. The lessors were unwilling to enter into an agreement, and so stated, unless it provided that, after the coal had been removed from the tracts of ground by the stripping method, the lessor would "back fill all of the excavations, restoring the land as near as possible to its present contour." This condition was assented to by the lessee subject, however, to the addition of a further clause that the provision last above-quoted "does not mean that [the lessee] shall bring on to the property new ground." This qualification was satisfactory to the lessors and a new paragraph 2 was drafted with an introduction that "The following paragraph is substituted for paragraph 2 of the original agreement." A presently immaterial clause (c) was also included as an addition to paragraph 7 of the contract. A copy of the additional writing, titled "Addenda", was then attached to the original draft agreement in triplicate following the place provided for the signatures of the contracting parties. That was done with the assent and approval of all parties who thereupon formally executed the contract, as so amended, by signing it at the place provided in the original draft for the signatures of the parties.

After the lessee removed all of the coal, the lessors sued to recover damages for the lessee's alleged failure to back fill the excavations made in the stripping operation so as to restore the land as nearly as possible to its original contour. At trial, the plaintiffs offered, and the learned trial judge admitted over the defendant's objection, testimony supporting the plaintiffs' complaint. The defendant's objection to the proffered

evidence was that paragraph 9 of the contract, which appeared above the signatures of the parties, by its terms excluded any reference to the substitute paragraph 2 because the latter was unsigned by the parties. The jury returned a money verdict for the plaintiffs upon which the court below entered judgment after refusing the defendant's motions for a new trial and judgment n.o.v. The defendant appealed and assigns here for error the trial court's admission of the testimony as to the defendant's failure to comply with the condition of substitute paragraph 2 as to backfilling excavations so as to restore the land as nearly as possible to its original contour.

The action of the learned trial judge was proper. A party's signature to a contract is designed to evidence his intention to be bound thereby. There is no requirement that a contract be signed at any particular place so long as the signatories attest the meeting of their minds on the basis of the agreed-upon writings and their intention to be obligated accordingly. What the parties to the contract in suit agreed upon *before they signed it* was that the attached written paragraph 2 was a substitute for paragraph 2 as contained in the original draft. In short, the substitute paragraph 2 was neither a modification, alteration, waiver nor addition to the agreement but was an integral part of the proposed contract at the time the parties executed it. In such event, a party to a contract may show by parol that an added, although unsigned, written provision was an intended constituent part of the agreement between the parties at the time they appended their signatures to the contract. The ruling in *Cox v. Burdett,* 23 Pa. Superior Ct. 346, 348-350, is directly in point.

In the *Cox* case, supra, the plaintiffs sued in replevin on a contract that had originally been drawn

as a bailment of a mill. The defendants alleged, however, that a part of the contract was an agreement by the plaintiffs to " 'furnish sufficient timber to keep the mill in constant operation and . . . not to permit the mill to remain idle for more than twenty days at a time' " and that this condition was written at the time the original agreement was made, before signing, and was assented to by all the parties, but that their signatures to the contract were placed above the written addition because the place for the signatures had been arranged before the new provision was added. The Superior Court said that the defendants' offer to prove default by the plaintiffs in furnishing timber for the mill "was not an offer to contradict or change in any way a written agreement by parol. It was simply an effort to prove that the addition was part of the original agreement and, notwithstanding the fact that the signatures were above it, that it was as much a part of the agreement as though it was above the signatures."

The extended and convincing review of the evidence in the instant case by Judge THOMPSON in the opinion for the court below renders unnecessary our entering upon a consideration of the sufficiency of the testimony adduced by the plaintiffs to support their allegations respecting the timely adoption of the substituted paragraph 2 of the contract. It is beyond dispute, indeed it is conceded by the defendant, that substitute paragraph 2 was an intended part of the original contract by agreement of the parties prior to their signing the contract. All that the appellant argues is that the parties failed to effectuate substitute paragraph 2 as a part of the contract when they neglected to sign the attached writing.

Judgment affirmed.