Plum Tree, Inc. *v.* Seligson et al., Appellants.

472

*Spencer R. Liverant,* with him *Patrick H. Mulvany,* and *Liverant, Senft and Cohen,* for appellants.

*Michael J. Brillhart,* with him *Robert M. Strickler,* and *Markowitz, Kagen & Griffith,* for appellee.

OPINION BY SPAETH, J., June 14, 1973:

This is an appeal from an order refusing a motion to strike a judgment.

The judgment was confessed against appellants on July 27, 1971, in the amount of $9,108.52 rent, pursuant to Section 17 of a "Franchise Agreement" between appellants as franchisee and appellees as franchisor. Appellants' motion to strike alleged various reasons why the judgment should be stricken, but of these only two remain at issue: that the warrant does not authorize confession for rent; and that the warrant is so obscure

that appellants should not be held to know what they had signed.

The agreement provides:

"5. *Lease and Rental.* As part of the consideration of the granting of the within franchise and license, the Franchisee shall execute a lease with Franchisor upon property within the "designated area" herein at the rental set by the franchisor/lessor. Such payments shall constitute a part of the consideration for the granting of the within franchise and license.

". . . .

"17. Default in Payment of Franchise Fees or Other *Amounts Owing to* PLUM TREE by LICENSEE.

"If the LICENSEE is in default in the payment of any franchise fees, operation fees, invoice for merchandise, or for any other amounts due PLUM TREE pursuant to the terms of this Agreement . . . LICENSEE hereby empowers any Prothonotary, Clerk of Court or Attorney of any Court of Record to appear for PLUM TREE . . . and to sign for LICENSEE an agreement for entering in any competent Court an amicable action or actions for the recovery of the amount in default . . . and for interest and costs, together with an attorney's fee of ten percent (10%) . . . ."

From these provisions it is evident that confession for rent was not authorized unless rent is included in the phrase "any other amounts due PLUM TREE pursuant to the terms of this Agreement." However, the rent was an amount due; it was "part of the consideration" for the franchise. It is true that the lease under which the rent was due was executed after the franchise agreement, but that fact is immaterial, for the franchise agreement specifies that the franchisee "shall execute a lease". It is also true that the agreement in enumerating "amounts due" might have specifically enumerated "rent" along with "any franchise fees, operation

fees, invoice for merchandise", but no reason appears for holding that the agreement had to be so worded. "[A]ny other amounts" seems clear enough to cover rent due under the lease. Appellants' contention that the agreement is obscure is not persuasive. The confession clause is as clearly labeled as any other clause, and is set in the same type, which although small is readable. Moreover, the sublease provides: "8. In the event of default by Sublessee . . ., Sublessor shall have the same rights and remedies, as against Sublessee as are afforded to Prime Lessor pursuant to the lease, as well as any other rights or remedies which Sublessor may have pursuant to the Franchise Agreement." As the lower court remarked: "There is no more reason to conclude that the confession of judgment clause escaped the knowledge and attention of defendants than did the requirement of a deposit as security for performance of the sublease, or the reference to 'fixtures' in Paragraph 7 of the franchise agreement, both of which were deleted by initialed notations of the parties."

*Grady v. Schiffer*, 384 Pa. 302, 121 A. 2d 71 (1956), and *Frantz Tractor Co. v. Wyoming Valley Nursery*, 384 Pa. 213, 120 A. 2d 303 (1956), are inapposite. In *Grady* the warrant was specifically limited to "any charges hereby reserved as rent". *Id.* at 304, 121 A. 2d at 72. There was no catch-all clause, as there is in the present case. *Frantz Tractor* dealt with an equipment lease agreement containing "On the unsigned reverse side . . . twenty-one separate paragraphs so finely printed as not to be readily legible and so close in type as to be blurred in places." *Id.* at 215, 120 A. 2d at 304.

The order of the lower court is affirmed.