## Greiber v. Kennedy

*Kenneth L. Rotz,* for plaintiff.
*Donald Marritz,* for defendant.

SPICER, *P.J.,* March 18, 1983—Plaintiff entered judgment by confession on a lease agreement containing a cognovit clause. Defendant moved to strike the judgment and has argued that the signatures on the lease agreement do not relate to the cognovit clause and that the language of that clause is not clear and understandable.

The lease is a single sheet containing printed contents and blanks filled in by hand on one side and the signatures of the parties on the other. The first portion of the lease is in larger type than the five paragraphs of terms which follow. The first portion is also triple spaced. The five paragraphs of terms are printed in normal sized type and are clear and legible. The cognovit clause is in the third paragraph and is written in standard legal phrases. There are no words that suggest that a different subject matter is being treated. There is a provision for an attorney's commission which has been filled in with "10 percent."

The Pennsylvania Supreme Court stated in its opinion in Frantz Tractor Company, Inc., v. Wyoming Valley Nursery, 384 Pa. 213, 216, 120 A. 2d 303-305 (1956) the following concerning signatures:

We recently had occasion to point out that, ordinarily, it is immaterial where the parties to a written agreement sign it so long as the meeting of the parties' minds, which their signing betokens, embraces all of the writings constituting the contract at the time of its execution: see Petrie v. Haddock,

384 Pa. 7, 119 A. 2d 45. But, that is not true of a provision for a warrant of attorney. Where a lease contains a warrant of attorney, the signature of the lessee must bear such direct relation to the provision authorizing the warrant as to leave no doubt that the lessee signed, conscious of the fact that he was thereby conferring upon the lessor a warrant to confess judgment against him for a breach of a covenant of the lease. A general reference in the body of an executed lease to terms and conditions to be found outside the agreement is insufficient to bind the lessee to a warrant of attorney not contained in the body of the lease unless the lessee signs the warrant where it does appear. In short, a warrant of attorney to confess judgment is not to be foisted upon anyone by implication or by general and nonspecific reference.

The rule to be deduced from the decisions is that a warrant of attorney to confess judgment must be self-sustaning; to be self-sustaining, the warrant must be in writing and signed by the person to be bound by it; and the requisite signature must bear a direct relation to the warrant and may not be implied extrinsically nor imputed from assignment of the instrument containing the warrant. Id. at 219-220, 120 A. 2d at 306-307.

The lease is short. The signatures directly follow the provisions and terms. There are no signatures on the first side. We hold that the signatures bear directly to the warrant of attorney. For a similar situation and holding, see Terkeltoub v. Caravan Motel, Inc., 40 D. & C. 2d 176.

Defendant cites Provco Leasing Corporation v. Safin, 265 Pa. Super. 423, 402 A. 2d 510 (1979), for the principle that warrants of attorney must be clear and understandable. Such provisions are in-

valid if buried in wording or written so illegibly as to be inconspicuous.

The cognovit clause validated in Provco was followed by a warning written in capital letters. j defendant argues that this is thus the standard. He finds some support in the case of Serfass v. Kreykenbohm, 12 D. & C. 3d 228. In Serfass, however, the lease was much longer than the one at bar.[1]

If we were dealing with a long and detailed lease, we probably would agree with defendant.[2] However, this lease is very brief. There was a blank filled in, indicating that the parties definitely had their attention drawn to this clause. There is nothing to justify holding, as a matter of law, that the cognovit clause is invalid.

The same is true of the wording. Defendant urges us to require that warrants be written in plain English and not in legal jargon. This argument says something about the way lawyers (and judges) write and speak, we suppose, and assumes there is a better way of expressing concepts. The trouble with plain English is that it is akin to truth: always devoutly sought, rarely (if ever) seen, and subject to many opinions about what it really is. Some think polysyllabic expression is, by definition, outside the pale of plain English; others think that brevity dictates the form and there are some who probably think that only Anglo Saxon power words qualify.

The clause is relatively short, consisting of five lines. Those lines follow an attention-getter waiving rights in one sentence. The clause is, and all

---

1. The cognovit clause appeared in the 22nd paragraph of the lease.

2. For a discussion of the pointers in the Provco opinion, see Sprenkle, Pennsylvania Confession of Judgment with Forms, §4.8.4.

warrants are, a chasm over which the bridge of performance spans. The chasm is readily seen and understood and if defendant has jumped from the bridge, he should not complain that the chasm should have been filled.

The attached order will be entered.

## ORDER

And now, March 18, 1983, the motion to strike the judgment is refused.