657 A.2d 1285

## GERMANTOWN SAVINGS BANK

v.

## Blanche TALACKI and the Estate of Adam Talacki, Deceased.

### Appeal of Blanche TALACKI.

Superior Court of Pennsylvania.

Submitted Nov. 14, 1994.

Filed May 1, 1995.

---

514

516

Bayard H. Graf, Philadelphia, for appellant.

Jodi C. Greenspan, Bala Cynwyd, for appellee.

Before DEL SOLE, BECK and CERCONE, JJ.

BECK, Judge:

In this appeal we review, *inter alia*, the requirements for striking a confessed judgment. Appellee Germantown Savings Bank ("GSB") confessed judgment against appellant Blanche Talacki and the Estate of Adam Talacki, Deceased, in the amount of $639,846.57. After consideration of appellant Blanche Talacki's Petition to Strike Off or Open Confessed Judgment, responses thereto and argument thereon, the trial court struck off the judgment against the Estate of Adam Talacki, but denied the petition to strike or open the confessed judgment against Blanche Talacki. Blanche Talacki ("appellant") filed this timely appeal.[1]

Blanche Talacki and Adam Talacki together with two other individuals, Walter Czekay and Margaret Czekay, formed Blanche Road Associates I ("Blanche Road"), a Pennsylvania Limited Partnership. Adam Talacki was the President and Blanche Talacki the secretary of Blanche Road Corporation, which is the sole general partner of Blanche Road. The

---

1. The parties do not challenge the portion of the lower court's order striking off the judgment against Adam Talacki's estate. It is clear that a warrant of attorney to confess judgment terminates upon the death of the maker. *Fidelity Bank v. Gorson,* 296 Pa.Super. 1, 442 A.2d 265 (1982). Mr. Talacki died in February 1991, and GSB included this fact in its complaint in confession of judgment filed October 13, 1993. Therefore, it was evident on the face of the record that the judgment against Mr. Talacki's estate was defective, and that part of the confessed judgment properly was stricken. Tr. Ct. Opinion at 2–3. *See Haggerty v. Fetner,* 332 Pa.Super. 333, 481 A.2d 641 (1984) (judgment can be stricken only for defect appearing on the face of the record).

Talackis and the Czekays were the limited partners of Blanche Road. On October 3, 1990, Blanche Road entered into a Mortgage [2] and Security Agreement with GSB in the amount of $600,000.00 for property located at 1400 Wells Drive, Bensalem, Pennsylvania. To guarantee the obligations of Blanche Road, a Guaranty and Suretyship Agreement was executed by Adam and Blanche Talacki and Walter and Margaret Czekay in their individual capacities ("Guaranty Agreement"). During the execution of the documents, the Talackis were represented by counsel.

The warrant of attorney in the Guaranty Agreement provides:

6. Each Guarantor hereby irrevocably authorizes and empowers any attorney of record, or Prothonotary or Clerk or any court in the Commonwealth of Pennsylvania or elsewhere, to appear for such Guarantor in any such court at any time and from time to time following the occurrence of an event of default under any of the Loan Documents, and therein to confess or enter judgment against such Guarantor in favor of Bank for the full amount of the Guaranteed Obligations,[3] as evidenced by an affidavit signed by a duly authorized designee of Bank setting forth such amount, plus attorneys' fees, with costs of suit, release of errors and without right of appeal . . .

2. In addition to the Mortgage, several other instruments were entered into including a Promissory Note, a Loan Agreement and an Assignment of Leases and Rents. Tr.Ct. Opinion at 1–2.

3. The "Guaranteed Obligations" are defined in Paragraph 1 of the Guaranty Agreement:

The Guarantors irrevocably, unconditionally and absolutely guarantee to Bank and become surety for (a) the prompt payment of the principal sum due to Bank from the Borrower under the Note, together with all interest thereon, (b) the prompt payment of all other sums due to Bank under the terms of the Note and the other Loan Documents and (c) the prompt and complete compliance with and performance by the Borrower of all representations, warranties, covenants, agreements and other obligations to Bank under the terms of any and all of the Loan Documents (the payment, compliance and performance obligations hereinabove guaranteed by the Guarantors are hereinafter collectively referred to as the "Guaranteed Obligations").

The loan went into default due to non-payment in or about August 1993. Additionally, in 1991 and 1992, Blanche Road failed to pay the county, township and school taxes. On September 30, 1993, GSB purchased the property at a tax sale.

On October 13, 1993, GSB filed an Averment of Default in accordance with Pa.R.Civ.P. 2952(e), commencing this action by complaint to confess judgment, and naming Blanche Talacki and the Estate of Adam Talacki as defendants. The action was based upon the warrant of attorney clause contained in the Guaranty Agreement. The Assessment of Damages filed with the complaint in confession of judgment includes the outstanding principal balance ($548,890.04), interest ($10,350.14), counsel fees ($27,444.50), cost of suit ($81.50) and "expenses to date" ($53,080.39). "Expenses to date" apparently reflects the amount GSB spent to purchase the Blanche Road property at tax sale.

On February 8, 1994, appellant filed her Petition to Strike or Open Judgment. Although the court struck off the judgment as to the Estate of Adam Talacki, it denied the Petition as to appellant Blanche Talacki.

In this appeal, Blanche Talacki contends that the lower court erred in refusing to strike or open the confessed judgment against her because 1) the warrant of attorney was not intelligently given; 2) the complaint in confession of judgment sets forth claims and amounts GSB knew it was not entitled to recover; 3) GSB knowingly misled the court as to where notice of entry of judgment should be sent by stating the wrong addresses in its complaint; and 4) GSB's loan is satisfied by operation of law because GSB failed to file a deficiency judgment.

A petition to strike a judgment by confession will be granted where there is an apparent defect on the face of the record on which the judgment was entered. *Franklin Interiors v. Wall of Fame Management Co.*, 510 Pa. 597, 511 A.2d 761 (1986). In reviewing an appeal from a denial of a petition to strike we are limited to determining whether the record as

filed by the confessing party is adequate to sustain the judgment. *Parliament Ind. v. William H. Vaughan & Co.*, 501 Pa. 1, 6, 459 A.2d 720, 724 (1983).

The court shall *open* the confessed judgment if the petitioner promptly presents evidence on a petition to open which in a jury trial would require that the issues be submitted to the jury. Pa.R.Civ.P. 2959(e); *Pittsburgh Nat'l Bank v. Larson*, 352 Pa.Super. 250, 507 A.2d 867 (1986). A petitioner must offer clear, direct, precise and believable evidence of a meritorious defense, sufficient to raise a jury question. *Iron Worker's S. & L. v. IWS, Inc.*, 424 Pa.Super. 255, 622 A.2d 367, 370 (1993). We may not disturb the lower court's refusal to open a confessed judgment unless there was a manifest abuse of discretion or error of law. *Id.; Lincoln Bank v. C. & H. Agency, Inc.*, 500 Pa. 294, 456 A.2d 136 (1982).

We first examine Talacki's argument that her warrant of attorney was not voluntarily and intelligently given. The Supreme Court of the United States has held that there is a presumption that the warrant of attorney was not knowingly granted in consumer financing and lease transactions where the debtor has an income of less than $10,000; in such cases, the creditor must overcome that presumption by showing that the warrant was voluntarily and intelligently given. *Swarb v. Lennox*, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). However, in commercial transactions where parties are represented by counsel and of equal bargaining power, Pennsylvania's confession of judgment procedure has been upheld. *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972) (confession of judgment is valid where there was voluntary, knowing and intelligent waiver of due process rights); *International Equity Corp. v. Pepper & Tanner, Inc.*, 222 Pa.Super. 118, 293 A.2d 108 (1972) (same).

In this case, the parties entered into the commercial loan transaction while represented by counsel, and GSB filed the requisite Affidavit of Income averring that Blanche Talacki's income exceeded the $10,000 *Swarb* floor. Appellant presented no evidence to challenge this Affidavit.

A petition to open should be granted only where the petitioner has presented sufficient evidence to submit the issue to a jury. We note that, notwithstanding numerous unsupported factual allegations improperly included in her appellate brief, the only evidence appellant presented below was an affidavit alleging that she did not read the documents she signed, she would not have understood the documents even if she had read them, she signed them at the behest of her husband, and that she believed her attorney was representing her in the matter, and had reviewed the documents. She also alleged in the affidavit that her lawyer, who also represented the debtor Blanche Road, had a conflict of interest at the time he represented her as a guarantor. She further averred that she did not know of the existence of the confession of judgment language in the Guaranty she and her husband signed.

It is well established that, in the absence of fraud, the failure to read a contract before signing it is "an unavailing excuse or defense and cannot justify an avoidance, modification or nullification of the contract"; it is considered "supine negligence." *Standard Venetian Blind Co. v. American Emp. Ins. Co.*, 503 Pa. 300, 469 A.2d 563, 566 note (1983) (quoting *Olson Estate*, 447 Pa. 483, 488, 291 A.2d 95, 98 (1972)). Moreover, without evidence to support appellant's allegations that she did not voluntarily consent to the warrant of attorney, and when appellant's signature clearly appears on the last page of the Guaranty, we cannot find that the trial court abused its discretion when it refused to open the judgment on this basis. *See North Penn Consumer Discount Co. v. Shultz*, 250 Pa.Super. 530, 378 A.2d 1275 (1977) (record supported court's finding that debtors' allegation that they did not understand warrant of attorney were not credible).

The warrant of attorney in this case appeared as a separately numbered paragraph within the body of the Guaranty; it was paragraph six out of 18, on page three of nine pages. It was printed in the same size type as the rest of the text. It was not a finely printed clause on the unsigned reverse side of the document. *Compare Commonwealth Nat'l Bank v. Boet-*

*zelen,* 338 Pa.Super. 237, 487 A.2d 943 (1985). It is clear that a party's signature to a contract is designed to evidence his or her intention to be bound thereby. *Petrie v. Haddock,* 384 Pa. 7, 10, 119 A.2d 45 (1956). Where, as here, the debtor has not alleged fraud, and has produced no evidence to show a lack of capacity to understand the document signed, or that he or she had asked for an explanation of the contract language, the debtor must be held to the contract's terms. *Provco Leasing Corp. v. Safin,* 265 Pa.Super. 423, 402 A.2d 510 (1979).[4]

■ Moreover, appellant has provided no support for her position that her lawyer's alleged conflict of interest should invalidate her consent to the warrant of attorney. It may be that appellant has an action against her lawyer on this basis, but without more, the mere allegation of a conflict does not affect the validity of the confessed judgment. We find no abuse of discretion in the trial court's refusal to open the judgment on these several grounds.

We next review Talacki's allegation that GSB improperly listed her address in the confession filings, and the judgment therefore should have been stricken. This challenge to the judgment was not raised in the Petition to Strike or Open, and thus is waived. Pa.R.Civ.P. 2959(c).[5]

4. We reject the appellant's argument that she was incapable of proceeding with the depositions necessary to develop evidence in support of her claims because she "could not identify the GSB loan officers or the knowledgeable persons" involved in the loan transaction. Pennsylvania Rule of Civil Procedure 209 allows a petitioner to "proceed by rule or by agreement of counsel to take depositions on disputed issues of fact" and this rule certainly benefits a debtor who seeks to present evidence of meritorious defenses in an attempt to open a confessed judgment. *See Van Arkel & Moss Prop. Inc. v. Kendor, Ltd.,* 276 Pa.Super. 547, 419 A.2d 593 (1980) (debtor should have been permitted to take depositions it had noticed prior to decision on petition to strike or open). At the very least, appellant could have presented detailed sworn testimony of her own, instead of making unsupported factual allegations in her appellate brief.

5. Talacki also argues that her late notice of the confessed judgment arose from this incorrect address and caused her to file her Petition to Strike or Open almost four months after the judgment was entered. Although the trial court held that appellant had not presented meritorious defenses to the judgment and therefore refused to open it, the court also would have denied appellant's petition to open on the basis that it

■ Next, appellant argues that the judgment was void as a matter of law because GSB did not comply with the requirements of the Deficiency Judgment Act, 42 Pa.C.S. § 8103. The statute provides, in pertinent part, that:

(a) **General rule.**—Whenever any real property is sold, directly or indirectly, *to the judgment creditor in execution proceedings* and the price for which such property has been sold is not sufficient to satisfy the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered. . . .

42 Pa.C.S. § 8103(a) (emphasis supplied). If the judgment creditor does not file the petition to fix the fair market value within six months of the date of delivery of the deed to the purchased property, the debtor is entitled to petition the court to mark the judgment satisfied, released and discharged. 42 Pa.C.S. § 8103(d). *See Marx Realty & Improvement Co. v. Boulevard Center, Inc.*, 398 Pa. 1, 156 A.2d 827 (1959) (time limit in Deficiency Judgment Act begins to run at delivery of deed, not date of sheriff's sale); *Merriam v. Cedarbrook*

was not filed promptly. Tr. Ct. Opinion at 3–4. We note that our courts have allowed much longer delays where the petitioner provided a reasonable explanation for the delay. *Lincoln Bank v. C. & H. Agency, Inc.*, 500 Pa. 294, 456 A.2d 136 (1982) (twelve year delay excusable). *Cf. First Seneca Bank & Trust v. Laurel Mount. Dev. Corp.*, 506 Pa. 439, 485 A.2d 1086 (1984) (28–month delay too long where debtors unreasonably relied upon former attorney's advice). Lack of notice of confessed judgment often is relied upon by trial courts to excuse late filing of petitions to open confessed judgment. *Id.* Even without the excuse of lack of notice, we do not see how GSB was prejudiced by the relatively short delay before appellant filed her petition in this case. After it was filed, GSB apparently requested two extensions of time to answer it. We would reverse the trial court's additional holding that the judgment should not have been opened because the petition was untimely filed. *See Hellam Township v. DiCicco*, 287 Pa.Super. 227, 429 A.2d 1183 (1981) (where judgment was confessed on March 30, 1977, petition to open filed on July 7, 1977 was timely); *James v. Silverstein*, 224 Pa.Super. 489, 306 A.2d 910 (1973) (court would not deny petition to strike based on four-month delay in absence of detriment to confessing party).

*Realty, Inc.,* 266 Pa.Super. 269, 404 A.2d 407, 409 (1978) (same).

Appellant argues that GSB was required under this statute to fix the fair market value of the property it purchased at the September 1993 tax sale, and its failure to do so within six months renders the confessed judgment void as a matter of law. This argument is meritless. The failure of a creditor to petition in time to fix value pursuant to the Deficiency Judgment Act bars that creditor from pursuing the balance of that judgment upon which the execution proceedings were based. It does not implicate the validity of a confessed judgment unrelated to the execution proceedings.

In the instant case, GSB purchased the property pursuant to a tax sale and the purchase was unrelated to the confession of judgment. The tax sale took place as a result of Blanche Road's failure to pay township, county and school taxes. In fact, GSB purchased the property *prior to confessing judgment under the warrant of attorney.* At the time of the tax sale, GSB was not a "judgment creditor" of appellant, and the tax sale was not the kind of "execution proceeding" contemplated by the Deficiency Judgment Act. Because the tax sale was separate and apart from the judgment which later was entered under the Guaranty Agreement, and because GSB was not a "judgment creditor" at the time it purchased the property, the Deficiency Judgment Act does not apply.[6]

Nonetheless, in its confessed judgment GSB included the expenses it incurred when it purchased the Blanche Road property at tax sale. The tax sale was not an execution proceeding arising out of the confessed judgment, and it was therefore improper for GSB to have included the expenses therefrom within the amount confessed. The tax sale was independent of the confession of judgment provision under the Guaranty Agreement. GSB should not have confessed judgment for the expenses related to the tax sale in this action. The amount for "expenses"—$53,080.39—was not principal,

6. The Deficiency Judgment Act would have been applicable only if GSB, as judgment creditor, had purchased the property upon execution of its confessed judgment.

interest, attorneys' fees or costs of suit expressly authorized to be confessed under the warrant of attorney in the Guaranty Agreement.

Therefore, we must consider appellant's argument that the judgment should have been stricken or opened because it included on its face amounts not authorized by the warrant of attorney. A challenge to the accuracy of the amounts allegedly due under the instrument, or an error in computation, should be resolved in a petition to open unless it is evident from the face of the instrument that the amount is grossly excessive or not authorized by the warrant to confess judgment. *Davis v. Woxall Hotel, Inc.,* 395 Pa.Super. 465, 577 A.2d 636 (1990); *Leasing Serv. Corp. v. Benson,* 317 Pa.Super. 439, 464 A.2d 402 (1983).

In cases where the judgment was grossly excessive or unauthorized by the instrument, however, a motion to strike will be granted. *McDowell Nat'l Bank v. Vasconi,* 407 Pa. 233, 178 A.2d 589 (1962); *Van Arkel & Moss Prop., Inc. v. Kendor, Ltd.,* 276 Pa.Super. 547, 419 A.2d 593, 595 (1980). In this case, appellant challenged the amount of the attorneys' fees and the "expenses to date" confessed in her petition to strike. It is clear that the attorneys' fees are authorized by the warrant; the warrant permits confession of the Guaranteed Obligations "plus attorneys' fees, with costs of suit." *See Van Arkel & Moss, supra,* 276 Pa.Super. 547, 419 A.2d 593 (warrant authorized confession for "rent or any other charge"; judgment properly included amounts for taxes, electricity, water and maintenance); *Plum Tree, Inc. v. Seligson,* 224 Pa.Super. 471, 307 A.2d 298 (1973) (warrant authorized confession for "any other amounts due pursuant to contract terms" so rent could be included in judgment amount).

The "expenses" related to the tax sale, however, are not authorized. Expenses related to a tax sale are not expressly included in the language of the warrant of attorney, which must be strictly construed.[7] *Kline v. Marianne Germantown Corp.,* 438 Pa. 41, 263 A.2d 362 (1970).

7. The Guaranty refers to "expenses" only once, in paragraph 11:

In *Park–Main Co. v. Fayette Nat'l Bank & Trust Co.*, 397 Pa. 75, 152 A.2d 714 (1959), our supreme court held that a confessed judgment properly was stricken where it erroneously included an item of taxes where the warrant of attorney authorized only the entry of judgment for rentals due. *See also Housing Mort. Corp. v. Tower Dev't & Investment Corp.*, 402 Pa. 388, 167 A.2d 146, (1961) (creditor improperly confessed judgment for insurance premiums under mortgage note); *Polis v. Russell*, 161 Pa.Super. 456, 55 A.2d 558 (1947) (court struck judgment where it included amounts for repairs that were not authorized by the warrant of attorney).

 A judgment by confession properly is stricken when it includes amounts not specified by the warrant of attorney which are "foreign to and so unassimilable with the principal that the total which was finally formed became a heterogeneous rather than a homogeneous whole." *McDowell Nat'l Bank, supra*, 407 Pa. at 236, 178 A.2d at 591 (interest, though not specifically authorized by warrant of attorney, may be included in confessed judgment since interest is the "shadow of a debt"). Where the confessed judgment includes an item not authorized by the warrant the judgment is void in its entirety and must be stricken. *PNC Bank, N.A. v. Bolus*, 440 Pa.Super. 372, 655 A.2d 997 (1995); *Colony Fed. S. & L. Ass'n*

11. Each Guarantor hereby agrees to fully indemnify and hold Bank harmless from any and all costs, *expenses* and losses Bank may incur with regard to any of the Loan Documents and pay, upon demand by Bank, any and all costs, *expenses* and losses arising from any default by Borrower under any of the other Loan Documents or from the enforcement by Bank of its rights and remedies under this Agreement.

(emphasis added). The warrant of attorney in paragraph 6 of the Guaranty Agreement does not include the term "expenses." It is not established on the record that the purchase of the property at the September 1993 tax sale arose from the default of Blanche Road under the Loan Documents or from the enforcement of GSB's rights under the Guaranty Agreement. Nor is it clear that GSB incurred these expenses "with regard to" the Loan Documents. Judge Del Sole's statement that "the payment of realty taxes is an ongoing obligation of a mortgage" probably is correct. Concurring and Dissenting Statement, p. 2. However, our cases require strict construction of confession of judgment clauses and do not permit us to make assumptions about the actual contents of particular loan documents that have not been filed of record by the confessing party.

*v. Beaver Val. Eng. Supp. Co.*, 238 Pa.Super. 540, 361 A.2d 343 (1976).

Significantly, the warrant in this case permits confession of the "Guaranteed Obligations," which are defined in the Guaranty Agreement by reference to loan documents that are not included in the record. Footnote 3, *supra.* We point out that the appellate court in reviewing an appeal from a denial of a petition to strike is limited to determining whether *the record as filed by the confessing party* is adequate to sustain the judgment. *Parliament Ind. v. Vaughan & Co., supra,* 501 Pa. 1, 459 A.2d 720 (emphasis added). The only loan document filed by the confessing party, GSB, is the Guaranty Agreement, and that document does not demonstrate that the "expenses" related to the tax sale constitute part of the "Guaranteed Obligations," permitting GSB to include expenses related to the tax sale in its confession. We therefore conclude a defect appears on the face of the record, and the record as filed by the confessing party is not adequate to sustain the confessed judgment. *Parliament Ind. v. Vaughan, supra,* 501 Pa. 1, 459 A.2d 720.

We reverse the trial court's decision and strike the confessed judgment on the basis of the inclusion of an unauthorized item—the expenses related to the tax sale—in the total amount confessed.

Judgment stricken. Jurisdiction relinquished.

DEL SOLE, J., files a Concurring and Dissenting Statement.

DEL SOLE, Judge, concurring and dissenting.

I join the Majority in its disposition of all matters except its determination that the inclusion of the items relative to the Tax Sale were not authorized by the Warrant of Attorney. That clause as contained in the *GUARANTY AND SURETY-SHIP AGREEMENT* provides:

6. Each Guarantor hereby irrevocably authorizes and empowers any attorney of record, or the Prothonotary or Clerk of any court in the Commonwealth of Pennsylvania or

elsewhere, to appear for such Guarantor in any such court at any time and from time to time following the occurrence of an event of default under any of the Loan Documents, and therein to confess or enter judgment against such Guarantor in favor of Bank for the full amount of the Guaranteed Obligations, as evidenced by an affidavit signed by a duly authorized designee of Bank setting forth such amount, plus attorneys' fees, with costs of suit, release of errors and without right of appeal. If a copy of this Agreement, verified by an affidavit, shall have been filed, it shall not be necessary to file the original as a warrant of attorney. In connection therewith, each Guarantor hereby waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant or power to confess judgment shall be deemed to exhaust the warrant or power, but the warrant and power shall continue undiminished and may be exercised from time to time as often as Bank shall elect, until all of the Guaranteed Obligations have been paid, complied with and performed as the case may be.

The agreement also defines the term Loan Documents as "This Agreement, the Loan Agreement, the Note, the Mortgage and the other documents executed in connection with the loan and described in the Loan Agreement . . ."

Each Guarantor, by signing the Guaranty Agreement, guaranteed complete compliance and performance under all Loan Documents. These are referred to in paragraph number 1 of the Agreement as the "Guaranteed Obligations." It is for these combined obligations or any part thereof that the Bank may confess judgment under the executed Warrant of Attorney.

The failure to pay the real estate taxes, thus subjecting the mortgaged property to a tax sale capable of divesting the mortgage, would permit the bank to protect the security by paying the taxes or purchasing the property at the tax sale. The payment of realty taxes by a mortgagor is an ongoing obligation of a mortgage.

Under these circumstances, I conclude that the Bank was authorized to confess judgment and include the amount expended at the tax sale to protect the mortgaged property. Therefore, I would not strike the judgment, and from that portion of the Majority disposition, I dissent.