J-A02019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LYNDORA HOTEL, INC. AND THE ESTATE OF MICHAEL L. PAWK | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| HARRY KOCH AND MELISSA KOCH | : : | |
| Appellants | : : | No. 844 WDA 2017 |

Appeal from the Order May 10, 2017
In the Court of Common Pleas of Butler County Civil Division at No(s):
2015-21506

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 10, 2018**

Appellants, Harry Koch and Melissa Koch (hereinafter "Appellants"),

appeal from an order entered on May 10, 2017 that denied their petition to

open or strike a confessed judgment entered against them.  We affirm.

The historical facts and procedural history of this case are as follows.

[On or about September 22, 2015, Lyndora Hotel, Inc. and the Estate of Michael L. Pawk, (hereinafter "Appellees"), filed a complaint in confession of judgment for possession.  The complaint alleged numerous material breaches by Appellants of a May 3, 2007 Article of Agreement involving the sale of business assets and real property with respect to the Lyndora Hotel, located at 1 Main Street, Lyndora, Butler County, Pennsylvania 16045].

Pursuant to the above[-]referenced Article of Agreement, a deed would be executed and possession would be transferred to Appellants on or about May 15, 2022, upon the completion of total payment in the amount of Five Hundred Forty[-]Two Thousand Six Hundred Dollars and Fifteen Cents ($542,600.15), as well as Appellants having met all other terms and conditions of the Article of Agreement including the payment of any and all

real estate taxes associated with [the Lyndora Hotel]. ***See*** Article of Agreement[, 5/3/07]. Additionally, said Article of Agreement provided a confession of judgment clause permitting Appellees to confess judgment against Appellants for possession, and thereby eject them from the premises without further proceeding of court.

Appellants initially contracted for the sale of the Lyndora Hotel with Michael L. Pawk (hereinafter "Dr. Pawk"). Dr. Pawk maintained a working relationship with Appellants from the date of the execution of the Article of Agreement [(May 3, 2007)], to the date of his death on or about October 7, 2014. Upon Dr. Pawk's death, and pursuant to the terms of Dr. Pawk's will, Michael J. Pawk was named executor of Dr. Pawk's estate.

[Appellees alleged] that from [the time of] Dr. Pawk's death until August 2015, numerous material breaches [of the Article of Agreement] occurred, including but not limited to [Appellants' failure] to pay real estate taxes for the years 2013, 2014, and 2015 for the real property located at 1 Main Street, Lyndora, Pennsylvania 16045[.] It is as a result of these alleged material defaults that Appellees filed their complaint in confession of judgment for possession on or about September 22, 2015, as well as a praecipe for writ of possession on or about September 23, 2015.

Based upon said filings by Appellees, the Prothonotary's Office of Butler County, Pennsylvania, issued a writ of possession which was served by the Sheriff's Office of Butler County, Pennsylvania, upon Appellants on or about September 24, 2015. At that time, Appellees retook possession of the business. In response, on or about October 19, 2015, Appellants timely filed a petition to open or strike judgment or to [issue] a rule to show cause. [The trial court issued a rule to show cause on October 21, 2017.]

Further, [] on or about November 23, 2015, Appellees filed a complaint in confession of judgment for money damages[,] which resulted in [the entry of a judgment] on or about November 23, 2015, against Appellants in the amount of Four Hundred Ninety Three Thousand Three Hundred [] Six Dollars ($493,306.00). In response, on or about December 22, 2015, Appellants timely filed a petition to open or strike confessed judgment for money damages[.]

Discovery in both cases commenced and was to be completed no later than February 10, 2017, at which time th[e trial c]ourt issued a status conference order scheduling argument on Appellants' petition to open or strike judgment or to [issue] a rule to show cause, and on Appellant[s'] corresponding petition to open or strike confessed judgment for money damages[.]

At the completion of [] argument and upon consideration of the parties' filings/briefs with regard thereto, th[e trial c]ourt issued an order of court [on] May 10, 2017, denying Appellant[s'] petition to open or strike [confessed j]udgment [for possession] or to issue a rule to show cause[. The trial court also issued an order on May 10, 2017 that] grant[ed] Appellants' petition to open or strike confessed judgment for money damages[ entered on or about November 23, 2015 in the amount of Four Hundred Ninety-Three Thousand Three Hundred Six Dollars ($493,306.00)].

Appellants subsequently filed a notice of appeal on or about June 9, 2017[] with respect to the [May 10, 2017 order] denying Appellants' petition to open or strike [confessed j]udgment [of possession] or to issue a rule to show cause[.]

Upon receipt of [the n]otice of appeal, on or about June 13, 2017, in accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, th[e trial c]ourt entered an [order] wherein [] Appellants were directed to file of record and serve upon the [] trial judge a concise statement of [errors] complained of on appeal no later than twenty-one (21) days from the date of the order[.]

On or about July 5, 2017, [Appellants filed their concise statement] pursuant to the Pennsylvania Rules of Appellate Procedure [1925(b) and the trial court issued its opinion on August 3, 2017].

Trial Court Opinion, 8/3/17, at 1-4 (certain capitalization omitted).

Appellants raise the following issues for our review:

Did the trial court err in failing to strike the judgment taken by confession against [Appellants]?

Did the trial court err in failing to open the judgment taken by confession against [Appellants]?

- 3 -

> Did the trial court err in administering equitable relief in the face of a legally-insufficient confession of judgment clause?

Appellants' Brief at 4.[1]

In their first issue, Appellants assert that the trial court erred in refusing to strike a confessed judgment entered in favor of Appellees. We review such an order for manifest abuse of discretion or error of law. **See Atlantic National Trust, LLC v. Stivala Investments, Inc.**, 922 A.2d 919, 922 (Pa. Super. 2007).

It is well settled that:

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. **Resolution Trust Corp. v. Copley Qu–Wayne Associates**, 683 A.2d 269, 273 (Pa. 1996).
>
> > In considering the merits of a petition to strike [a judgment entered by confession], the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, *i.e.*, the complaint and the documents which contain confession of judgment clauses. Matters *dehors* the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken.... An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.
>
> **Hazer v. Zabala**, 26 A.3d 1166, 1169 (Pa. Super. 2011), *quoting* **Resolution Trust Corp.**, *supra*. In other words, the petition to strike a confessed judgment must focus on any defects or irregularities appearing on the face of the record, as

---

[1] We have re-ordered the issues raised by Appellants to facilitate our discussion.

filed by the party in whose favor the warrant was given, which affect the validity of the judgment and entitle the petitioner to relief as a matter of law. ***ESB Bank v. McDade***, 2 A.3d 1236, 1239 (Pa. Super. 2010). "[T]he record must be sufficient to sustain the judgment." ***Id***. The original record that is subject to review in a motion to strike a confessed judgment consists of the complaint in confession of judgment and the attached exhibits. ***Resolution Trust Corp.***, ***supra***, 683 A.2d at 274.

***Neducsin v. Capian***, 121 A.3d 498, 504 (Pa. Super. 2015).

Moreover, we assess the enforceability of a warrant of attorney clause

under the following guidelines:

Historically, Pennsylvania law has recognized and permitted entry of confessed judgments pursuant to the authority of a warrant of attorney contained in a written agreement. ***See Scott Factors, Inc. v. Hartley***, 228 A.2d 887 (Pa. 1967). "[A] warrant of attorney is a contractual agreement between the parties and the parties are free to determine the manner in which the warrant may be exercised." ***Atlantic Nat. Trust, LLC v. Stivala Investments, Inc.***, 922 A.2d 919, 924 (Pa. Super. 2007), *appeal denied*, 936 A.2d 39 (Pa. 2007). Entry of a valid judgment by confession must be "made in rigid adherence to the provisions of the warrant of attorney; otherwise, such judgment will be stricken." ***Dollar Bank, Federal Sav. Bank v. Northwood Cheese Co., Inc.***, 637 A.2d 309, 311–312 ([Pa.Super.] 1994), *appeal denied*, 653 A.2d 1231 (Pa. 1994). "A warrant to confess judgment must be explicit and will be strictly construed, with any ambiguities resolved against the party in whose favor the warrant is given." ***Id***. "A warrant of attorney to confess judgment must be self-sustaining and to be self-sustaining the warrant must be in writing and signed by the person to be bound by it. The requisite signature must bear a direct relation to the warrant of attorney and may not be implied." ***Hazer***, ***supra*** at 1171; ***see also Ferrick v. Bianchini***, 69 A.3d 642 [(Pa. Super. 2013)] (stating same).

***Midwest Financial Acceptance Corp. v. Lopez***, 78 A.3d 614, 622–623

(Pa. Super. 2013).

In this case, Appellees filed their complaint in confession of judgment for possession on or about September 22, 2015. Appellees attached the parties' Article of Agreement (which included the confession of judgment clause) to their complaint. Appellees alleged in their complaint that, pursuant to the Article of Agreement, Appellants agreed to make monthly payments of principle and interest to Appellees for a 15-year term and to pay all taxes that became due on the property. Appellees further alleged that Appellants breached these terms and that such defaults continued in excess of 30 days. Finally, Appellees alleged that the *cognovit* clause empowered them to confess judgment for possession "in case of default of payment of any sum of principal or interest [or] taxes herein agreed to be paid … for the space of thirty (30) days after the same shall become due and payable by the terms hereof[.]" Appellees' Complaint in Confession of Judgment for Possession, 9/22/17, at 4. It is evident that the original record that is subject to judicial review, *i.e.* Appellees' complaint and the attachments thereto, is self-sustaining.

Notwithstanding, Appellants claim that the *cognovit* clause is unenforceable on its face "due to a lack of conspicuousness and clear relationship [] between the signature of the bound part[ies] and the confession of judgment clause." Appellants' Brief at 10. Appellants explain that the warrant of attorney provision in the Article of Agreement was not conspicuous, and therefore failed to make clear to the signatories that they

- 6 -

were entering into a confession of judgment clause, because: 1) it was not printed in bold text; 2) it did not appear in capital letters; 3) it was not set off from other text in the parties' contract with contrasting typeface; and, 4) it continued over two pages. **See** Appellants' Brief at 13. Appellants also contend that their signatures were too remote from the challenged clause to bear a direct relation to the provision since three paragraphs appear between the clause and the signature lines on the Article of Agreement. We discern no merit in either asserted ground for relief.

Appellees argue at some length that Pennsylvania law mandates that a confession of judgment clause must appear in a typeface and format that stands in contrast to other text found in a contractual agreement. Our own research has revealed, however, that while we have upheld *cognovit* clauses where they appear conspicuously within an agreement, the threshold requirements for enforcement remain that the provision be in writing and signed by the party to be bound.[2] **See**, **e.g.**, **Midwest Financial Acceptance Corp.**, **supra**. In fact, our prior decision in **Germantown Sav.**

_____

[2] Appellants cite no case law to support their claim that conspicuousness is a legal prerequisite to enforcement of a confession of judgment clause. In fact, Appellants cite only 13 Pa.C.S.A. § 1201(10), a Uniform Commercial Code (UCC) provision that defines the term "conspicuousness," to support their claims. Since the UCC does not apply to real estate or other transactions that do not involve the sale of goods, **see Kaplan v. Cablevision of PA, Inc.**, 671 A.2d 716, 722-723 (Pa. Super. 1996), *appeal denied*, 683 A.2d 883 (Pa. 1996), this provision of the UCC offers no relevant guidance in the instant dispute.

*Bank v. Talacki*, 657 A.2d 1285 (Pa. Super. 1995) strongly suggests that Appellants' claim is meritless. In *Talacki*, we rejected a challenge to the enforcement of a confession of judgment clause where the clause appeared only as a separately numbered paragraph within the body of an agreement (it was paragraph six out of 18 and found on page three of nine pages) and was printed in the same size type as the rest of the text. *Id.* at 1289. *Talacki* demonstrates that the absence of contrasting typeface and font does not preclude enforcement of a confession of judgment clause.

We also reject Appellants' claim that their signatures were too remote from the challenged clause to bear a direct relation to the *cognovit* provision. The parties' signatures appeared at the end of the Article of Agreement in which the confession of judgment clause was located. Moreover, only three short paragraphs, each a single sentence in length, separated the confession of judgment clause from the parties' signature block. This separation was not so substantial as to defeat a direct relationship between the requisite signatures and the challenged clause. Pennsylvania case law holds only that a signature on a contract will not bind the signatory to a warrant of attorney clause found outside the agreement. *See Frantz Tractor Co. v. Wyoming Valley Nursery*, 120 A.2d 303, 305 (Pa. 1956) ("A general reference in the body of an executed lease to terms and conditions to be found outside the agreement is insufficient to bind the lessee to a warrant of attorney not contained in the body of the lease unless

the lessee signs the warrant where it does appear.  In short, a warrant of attorney to confess judgment is not to be foisted upon anyone by implication or by general and nonspecific reference."); ***Egyptian Sands Real Estate, Inc. v. Polony***, 294 A.2d 799, 803 (Pa. Super. 1972) (warrant of attorney provision on second page of document will not bind signer of first page); ***Hazar***, 26 A.3d at 1171-1172 (*cognovit* clause found in addendum to signed commercial lease was unenforceable against lessee where only a reference to the clause appeared in the 32 paragraph, five-page lease and addendum was unsigned).  Under the circumstances before us, Appellants' signatures at the end of an agreement that contained a confession of judgment clause were not so remote as to support the conclusion that enforcement here occurred solely by implication or general and nonspecific reference.

We now turn to Appellants' second issue.  Here, Appellants claim that the trial court erred in denying their petition to open because they unknowingly signed the confession of judgment clause[3] and because they possessed meritorious defenses to Appellees' claims.  "[W]e review [an] order denying [a] petition to open [a] confessed judgment for an abuse of discretion." ***PNC Bank, Nat. Ass'n v. Bluestream Technology, Inc.***, 14 A.3d 831, 835 (Pa. Super. 2010).  "Judicial discretion requires action in

_____

[3] We have said that claims asserting an unknowing, involuntary, or unintelligent execution of a confession of judgment clause constitute arguments for opening such a judgment. ***See Neducsin***, 121 A.3d at 509.

- 9 -

conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason." ***Miller v. Sacred Heart Hosp.***, 753 A.2d 829, 832 (Pa. Super. 2000) (internal citations omitted).

The following principles govern our review of an order denying a petition to open a judgment.

> The trial court may open a confessed judgment "if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury." ***PNC Bank, Nat. Ass'n***, ***supra*** at 836. Generally, the court will dispose of the rule on petition and answer, along with other discovery and admissions. Pa.R.C.P. 2959(e).

> When determining if the petitioner acted promptly, "the courts are not bound by an inflexible time frame. The crucial factor in determining whether a petition is timely is not the specific time which has elapsed but rather the reasonableness of the explanation given for delay." ***First Seneca Bank & Trust Co. v. Laurel Mountain Development Corp.***, 485 A.2d 1086, 1088 (Pa. 1984).

> "A meritorious defense is one upon which relief could be afforded if proven at trial." ***Ferrick***, ***supra***, at 647.

> Pa.R.Civ.P. 2959(e) sets forth the standard by which a court determines whether a moving party has properly averred a meritorious defense. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment. Furthermore, the court must view the evidence presented in the light most favorable to the moving party, while rejecting contrary evidence of the non-moving party. ***Continental Bank v. Axler*** 510 A.2d 726, 728 (Pa. Super. 1986); ***Pawco v. Bergman Knitting Mills, Inc.*** 424 A.2d 891, 897 (Pa. Super. 1980). The petitioner need not produce evidence proving that if the judgment is opened, the petitioner will

- 10 -

prevail. **Id.** Moreover, we must accept as true the petitioner's evidence and all reasonable and proper inferences flowing therefrom. **Federman v. Pozsonyi** 529 A.2d 530, 533 (Pa. Super. 1987), *citing* **Hamilton Bank v. Rulnick** 475 A.2d 134, 137 (Pa. Super. 1984).

**Liazis v. Kosta, Inc.**, 618 A.2d 450, 453 (Pa. super. 1992). In other words, a judgment of confession will be opened if "a petitioner seeking relief therefrom produces evidence which in a jury trial would require issues to be submitted to a jury." **Foerst v. Rotkis**, 368 A.2d 805, 807–808 (Pa. Super. 1976). The standard of sufficiency here is similar to the standard for a directed verdict, in that we must view the facts most favorably to the moving party, we must accept as true all the evidence and proper inferences in support of the defense raised, and we must reject all adverse allegations. **Greenwood v. Kadoich**, 357 A.2d 604, 606 (Pa. Super. 1976). The trial court can make this decision as a matter of law when the defense presented is without adequate substance, because contract construction and interpretation is generally a question of law for the court to decide. **Profit Wize Marketing v. Wiest**, 812 A.2d 1270, 1274 (Pa. Super. 2002).

**Neducsin**, 121 A.3d at 506-507.

There is no dispute in this case that Appellants acted promptly in filing their petition to open the confessed judgment. Appellees filed their complaint in confession of judgment on or about September 22, 2015. Thereafter, a writ of possession issued by the Butler County prothonotary was served upon Appellants on or about September 24, 2015. Appellants then filed their petition to open or strike the judgment on or about October 19, 2015. This timeline demonstrates a prompt response by Appellants.

Appellants argue that they alleged two distinct meritorious defenses. First, they contend that the *cognovit* clause employed unclear and ambiguous language and that they gave uncontroverted deposition

testimony which established that they were unaware of the clause and lacked understanding of its meaning and legal consequences. *See* Appellants' Brief at 17-20. Next, Appellants contend that any alleged breaches of the parties' agreement were not material and, therefore, did not trigger the confession of judgment clause. *See id.* at 20-26. We discern no error of law or abuse of discretion in the trial court's rejection of these alleged meritorious defenses.

Melissa and Harry Koch were deposed on September 1, 2016 and January 12, 2016, respectively.[4] At her deposition, Mrs. Koch[5] testified that she signed the Article of Agreement because she was the spouse of Mr. Koch. *See* N.T. Depo., 9/1/16, at 7. She did not read the agreement or consult with counsel prior to signing it. *Id.* As a result, she lacked an understanding as to Mr. Koch's obligations under the contract and only understood that he was "renting to buy" the property and business from Dr. Pawk. *Id.* at 8.

Mr. Koch testified that he did not recall seeing the parties' agreement until they met to sign it; however, he reviewed it at that time. *See* N.T. Depo., 1/12/16, at 7. No one told Mr. Koch that he needed to sign the

---

[4] The trial court could consider matters outside the record for purposes of assessing Appellees' petition to open the confessed judgment. *See* *Neducsin*, 121 A.3d at 506.

[5] Although we shall refer to Melissa Koch as "Mrs. Koch," the record reflects that she divorced Harry Koch in late 2007.

agreement immediately. *Id.* Mr. Koch never consulted with legal counsel about the parties' agreement and could not recall whether he told Appellees that he retained counsel to assist him in the transaction. *Id.* at 7, 8, and 21. Mr. Koch did not understand that he signed an agreement with a confession of judgment clause and he was unaware of what consequences flowed from his agreement to such a provision. *Id.* at 21. Mr. Koch did not recall whether the confession of judgment clause was ever brought to his attention. *Id.*

The trial court characterized Appellants' testimony as self-serving and refused to find that it supported a meritorious defense. *See*, *e.g.*, N.T. Oral Argument, 5/10/77, at 11 (trial court observing that, "I don't know how you get around the self-serving purpose of that testimony."). This was entirely consistent with Pennsylvania law, which holds that, in the absence of fraud, one's failure to read or attain an understanding of a contractual provision is not grounds for opening a judgment. *See Talacki*, 657 A.2d at 1289. In that case, the guarantor of a commercial obligation sought to open a confessed judgment, alleging (among other things) that she did not read the contractual documents she signed, she would not have understood them even if she read them, she signed them at the behest of her husband, and she did not know of the existence of the confession of judgment language in the materials. *Id.* In rejecting these claims, we reasoned:

> It is well established that, in the absence of fraud, the failure to read a contract before signing it is "an unavailing excuse or

defense and cannot justify an avoidance, modification or nullification of the contract"; it is considered "supine negligence." ***Standard Venetian Blind Co. v. American Emp. Ins. Co.***, 469 A.2d 563, 566 (Pa. 1983), *quoting* ***Olson Estate***, 291 A.2d 95, 98 (Pa. 1972). Moreover, without evidence to support appellant's allegations that she did not voluntarily consent to the warrant of attorney, and when appellant's signature clearly appears on the last page of the [agreement], we cannot find that the trial court abused its discretion when it refused to open the judgment on this basis. ***See North Penn Consumer Discount Co. v. Shultz***, 378 A.2d 1275 (Pa. Super. 1977) (record supported court's finding that debtors' allegation that they did not understand warrant of attorney were not credible).

\*\*\*

It is clear that a party's signature to a contract is designed to evidence his or her intention to be bound thereby. ***Petrie v. Haddock***, 119 A.2d 45 (Pa. 1956). Where, as here, the debtor has not alleged fraud, and has produced no evidence to show a lack of capacity to understand the document signed, or that he or she had asked for an explanation of the contract language, the debtor must be held to the contract's terms. ***Provco Leasing Corp. v. Safin***, 402 A.2d 510 (Pa. Super. 1979).

***Talacki***, 657 A.2d at 1289 (footnote omitted).

Appellants' alleged lack of knowledge, awareness, and understanding of the presence and legal effect of the confession of judgment clause came about as the result of their own failure to review and digest the parties' Article of Agreement and consult with counsel. In the absence of fraud, these allegations will not furnish grounds to open the judgment.

We next consider Appellants' claim that any alleged breaches were not material. Here, Appellants do not dispute that they failed, at times, to make payments of principal and interest, that they failed to pay property taxes when due, and that these default conditions persisted for more than 30

- 14 -

days.   Instead, Appellants argue that "the fact that some payments could not be made when due [is] simply part and parcel of the restaurant business."  Appellants' Brief at 23.  Appellants further point out that while a tax sale of the property was threatened in September 2015, no sale occurred because of a last minute payment.  Appellants also note the course of their dealings with the late Dr. Pawk, who entertained a more flexible approach to the resolution of contractual defaults.  Taking these factors together, the thrust of Appellants' claim is that their alleged breaches were not material to the parties' agreement and that Appellees, therefore, were not entitled to pursue contractual remedies triggered by Appellants' failure to perform their obligations under the agreement.

Appellants' position misapprehends the concept of "material breach" under Pennsylvania law.[6]  "When performance of a duty under a contract is due, any nonperformance is a breach."  **Dufalla**, 837 A.2d at 467, *quoting* Restatement (Second) of Contracts § 235(2) (1981).  "A material breach by one party to a contract entitles the non-breaching party to suspend performance."  **Dufalla**, 837 A.2d at 467.  In the present case, Appellees' only contractual duties were to accept payments from Appellants and convey title to the property and restaurant after all payments had been tendered.

---

[6] Appellants do not even purport to apply the four-factor test for establishing or disproving a material breach of a contract under Pennsylvania law.  **See Widmer Engineering, Inc. v. Dufalla**, 837 A.2d 459, 468 (Pa. Super. 2003).

Legally speaking, Appellees never "suspended" performance under the parties' agreement but, instead, invoked contractual remedies intended to secure performance by Appellants. We simply fail to see how the concept of a material breach has any application under the present circumstances.

In reviewing whether the trial court correctly permitted Appellees to confess judgment for possession in light of Appellants' admitted failures to pay property taxes when due and make full and timely monthly payments of principal and interest, we are guided by the following principles.

> A contract's language is unambiguous if it can be determined without any other guide than knowledge of the simple facts on which its meaning depends. [*Wiest*, 812 A.2d at 1274.] When the contract is clear and unambiguous, the meaning of the contract is ascertained from the writing alone. *Kmart of Pennsylvania, L.P. v. MD Mall Associates, LLC*, 959 A.2d 939, 944 (Pa. Super. 2008), *appeal denied*, 980 A.2d 609 (Pa. 2009). A court must not distort the meaning of the language or resort to a strained contrivance to find an ambiguity. *Mitsock v. Erie Ins. Exchange*, 909 A.2d 828, 831 (Pa. Super. 2006). Additionally, a mere disagreement between the parties regarding the proper construction of the language does not render the contract ambiguous. *Baney v. Eoute*, 784 A.2d 132, 136 (Pa. Super. 2001). In the context of a petition to open a confessed judgment, "[t]he function of our [C]ourt is not to [w]eigh the evidence in support of the defense, but merely to determine whether there was sufficient evidence to go to the jury." *Foerst*, *supra*.

> Whether a judge has correctly interpreted a writing and properly determined the legal duties which arise therefrom is a question of law for the appellate court." *Riccio v. American Republic Ins. Co.*, 705 A.2d 422, 426 (Pa. 1997). The legal effect or enforceability of a contract provision presents a question of law accorded full appellate review and is not limited to an abuse of discretion standard. *Id.*; *see also Patriot Commercial Leasing Co., Inc. v.*

> ***Kremer Restaurant***, 915 A.2d 647 (Pa. Super. 2006),
> *appeal denied*, 951 A.2d 1166 (Pa. 2008)[.]

***Neducsin,*** 121 A.3d at 507 (quotations omitted).

In this case, the Article of Agreement obligated Appellants to make monthly payments of principal and interest and to pay property taxes when they become due. In the event Appellants defaulted under these terms, the warrant of attorney clause empowered Appellees to confess judgment for possession if the default conditions existed for more than 30 days. The agreement between the parties did not predicate its payment terms on economic conditions within the restaurant industry, partial payments toward past due balances, or past dealings between the parties. The language of the contract was clear and unambiguous and the trial court rightfully ascertained that Appellants' admitted defaults triggered the clause allowing Appellees to confess judgment for possession.

In their final claim, Appellants assert that the trial court erred in assessing the equitable considerations in this case since the confession of judgment clause was legally unenforceable. We disagree. As we have explained above, Appellees' complaint and the *cognovit* clause were self-sustaining and Appellants were not entitled to an order granting their petition to strike the judgment. In addition, Appellants have not come forward with a meritorious defense and, thus, were not entitled to an order that opened the judgment. Simply put, the trial court did not improperly

allow its evaluation of the equities to displace its examination of the legal issues. Accordingly, Appellants' third claim merits no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2018