429 A.2d 1183

HELLAM TOWNSHIP

v.

Nicholas DiCICCO, Sara P. Gancarz, Colna, Inc., and Republic Insurance Company.

Appeal of REPUBLIC INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued March 4, 1980.

Filed May 15, 1981.

Petition for Allowance of Appeal Denied Sept. 23, 1981.

228

Frank J. Goldenberg, York, for appellant.

Donald L. Reihart, York, for appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the Court of Common Pleas of York County, Civil Division and involves appellant's appeal from an order of the court below which refused to open a

judgment that Hellam Township, the appellee, had confessed against the appellant.

On April 16, 1974, the defendants, Nicholas DiCicco, Sara P. Gancarz and Colna, Inc., as principals, and the defendant Republic Insurance Company, as surety, entered into a written agreement which included a surety bond, provided to Colna, Inc. by the appellant. The agreement called for Colna, Inc., to complete certain municipal improvements upon the grant of subdivision approval. The improvements were to be completed within two years of the date of the agreement. Appellant's surety bond was in the amount of $100,000.

Colna failed to complete the improvements and on April 16, 1976 appellee gave Colna written notice to complete same within 180 days. Colna failed to do so and on March 30, 1977 appellee confessed judgment against DiCicco, Gancarz, and Colna, Inc. as principals, in the amount of $250,504 (which sum represented the estimated cost to complete the public improvements at the time of the default) and appellant, as surety, in the amount of $100,000 (its limit of liability).

Colna had also defaulted on its mortgage and on December 22, 1975 Fidelity Bond and Mortgage Company, the mortgagee, became the owner of the subdivision pursuant to a mortgage foreclosure sale of the real estate involved in the subdivision. Fidelity continued to develop the subdivision, several homes were built in the subdivision, and lots were transferred.

On July 7, 1977, the appellant filed a Petition requesting that the judgment entered against it by appellee be opened or stricken. Appellant also filed an interpleader regarding Fidelity. On October 2, 1978, the court entered an order forever barring Fidelity from asserting any claims against the appellant relative to the bond attached to appellee's complaint. On September 26, 1979 the court below denied appellant's Petition to Open the Judgment. Appellant then took this appeal from the order denying its petition to open.

A petitioner requesting the opening of a confessed judgment must act promptly and must aver a meritorious defense in his petition to open. *First Pennsylvania Bank N. A. v. Weber*, 240 Pa.Super. 593, 360 A.2d 715 (1976). In this case the petition to open was filed on July 7, 1977. The judgment had been confessed on March 30, 1977. The court below found that under the circumstances of this case the petition to open was filed in a timely fashion. We agree with its conclusion in that regard. Thus, the only issue to be decided is whether the appellant's petition to open set forth a meritorious defense.

Appellant alleged "unjust enrichment" as its meritorious defense. Briefly stated, appellant's position is that: if appellee is permitted to receive the $100,000 represented by its judgment that it will be unjustly enriched because Fidelity has assumed the development of the subdivision and is making some of the municipal improvements and that, therefore, Hellam Township would be receiving a windfall if it were permitted to retain the $100,000 from the appellant; and that Fidelity, as the present owner of the development, would also be unjustly enriched if appellee used the $100,000 to make any of the municipal improvements that Colna, Inc., the original owner, had been obligated to make. Appellant cites *Commonwealth of Pennsylvania ex rel. Pennsylvania Securities Commission v. Reliance Development Corp.*, 258 Pa.Super. 276, 392 A.2d 792 (1978) in support of its contention.

In *Reliance*, we held that Bushkill Township would have received a windfall if it were permitted to retain monies held by it in escrow for the purpose of guaranteeing that Reliance, the developer, would install streets in Reliance's development pursuant to the subdivision plan. This was so because the streets in the development were completed and accepted by the township. We held that even though Reliance had not completed the streets pursuant to its agreement with the township that the township was not entitled to the escrow money because a subsequent developer who had purchased the development at a sheriff's sale had com-

pleted the streets in an acceptable manner. Under the terms of the agreement between Reliance and Bushkill Township, the township had agreed to remit portions of the escrow fund equal to five dollars per foot of lot frontage on the streets as they were installed and approved and Reliance's duty to construct the streets was conditioned upon its ability to develop and sell lots. Thus, in that case the only benefit which the subsequent developer had bestowed upon Reliance, the original developer, was in installing so much of a street as was necessary for access to one lot which was all Reliance had developed and sold. Because a subsequent developer which had purchased the subdivision at a sheriff's sale (Fidelity) is now endeavoring to make the municipal improvements called for in the original agreement appellant argues that *Reliance* mandates that the judgment should be opened to permit it to defend the action on the grounds of unjust enrichment.

The appellee counters appellant's position by arguing that its reliance on *Reliance,* supra, is misplaced because the facts of that case are materially different than the ones in the instant case. In *Reliance* the township had conceded that the purposes for which the escrow fund had been created had been realized and that the township no longer needed security against their nonoccurrence. In our case the record reveals that the improvements have not been completed and that Fidelity, the subsequent developer, has no legal duty to complete them. The estimated cost to complete the public improvements is $205,504.00 which, of course, exceeds the $100,000 judgment. This factual distinction is critical because the township would not be protected against Colna's non-performance if appellant was able to open the judgment. Appellee also points to *53 P.S. 10509* which provides that unless a municipality conditions final approval of a subdivision plan on the completion of improvements, it "shall provide for the deposit with the municipality of a corporate bond, or other financial security acceptable to the governing body in an amount sufficient to cover the costs of any improvements which may be required, . . . Such bond or

other security shall provide for, and secure to the public, the completion of any improvements which may be required..."

Appellee argues that if we permit appellant to open the judgment in the instant case that a developer could defeat its obligations to a municipality simply by transferring the land to a third party and then making the "unjust enrichment" argument claiming that the municipality and/or the subsequent developer is unjustly enriched by permitting the municipality to confess judgment against the developer's performance bond. The argument has merit. Such a situation surely would provide unscrupulous developers with a convenient way to circumvent the mandates of "The Municipalities Planning Code" and specifically *53 P.S. 10509*. We also note that in *Reliance*, supra, we remanded the case back to the court below for a determination of the rights of the subsequent developer against the original developer pursuant to quantum meruit since the subsequent developer had conferred a benefit upon the original developer by completing the project and "permitting Reliance to retain the full sum of money escrowed would redound in part to its unjust enrichment". Thus, if *Reliance* stands for the proposition that a municipality should not be permitted to receive a windfall when a developer defaults on its agreement with the municipality it also stands for the proposition that a developer who defaults on such an agreement must not be permitted to be unjustly enriched when a subsequent developer endeavors to perform the obligations set forth in said agreement.

The difficulty in applying the holding in *Reliance* supra, to the instant situation is that in *Reliance* the monies designated to guarantee the developer's compliance with its agreement was held in an escrow account, while in the instant case no such escrow account exists. In addition, in *Reliance* the township had conceded that it would suffer no damages as the result of the developer's default, while in the instant case the extent of the township's damages caused by the developer's default is as yet unascertainable because the subsequent developer has not completed the municipal im-

provements. Therefore, any claim of the appellant for a set-off against the township's claim is unliquidated. In the absence of fraud, the existance of an unliquidated set-off or counter claim is not grounds for opening a judgment confessed on a warrant of attorneys. *Harrison v. Galilee Baptist Church*, 427 Pa. 247, 234 A.2d 314 (1967). Because the amount of any such set-off is as yet undetermined, we hold that the court below was correct in denying the appellant's petition to open the judgment confessed against it by the appellee, since the amount of any claim based on unjust enrichment cannot be determined due to the fact the subsequent developer has not completed the improvements.

Order affirmed.