**Penn Pride Inc. v. Torgro Limousine Inc.**

C.P. of Berks County, no. 08-15439.

*Robert P. Dennison,* for plaintiff.
*Daniel A. Mancini,* for defendants.

SPRECHER, *J.,* February 8, 2010—Defendant appeals the order dated October 29, 2009, which denied defendant's petition to open and strike confessed judgment. This opinion is filed pursuant to Pa.R.A.P. 1925.

## FACTS

On November 20, 2008, plaintiff, Penn Pride Inc., filed a complaint for confession of judgment in the above captioned case. It alleged that on April 26, 2008, defendants, jointly and severally, had entered into an agreement for a credit account whereby defendants could purchase fuel on credit at plaintiff's fuel service stations. Plaintiff billed defendants on at least a semi-monthly basis. Defendant, John E. Groff Sr., had executed a personal

guarantee for the debt and obligation incurred by defendant, Torgro Limousine Service, in the event that Torgro failed to pay its account. Defendants defaulted under the agreement. The balance due under the contract was $40,727.84 at the time the confession of judgment was filed.

On July 16, 2009, defendant filed a petition to open judgment and to strike the default judgment. Defendant claimed that the complaint confessing judgment had never been served on him. He contended that on December 18, 2008, plaintiff had filed a complaint alleging the same damages under docket no. 08-16071 which had been served on him on February 3, 2009. A default judgment had been entered against defendant in that case due to defendant's failure to plead. Defendant had filed a petition to open that judgment which this court had granted. During the oral argument held on that petition on June 11, 2009, plaintiff's counsel referenced the confessed judgment that was entered against defendant in this case. Defendant maintains in his petition to open the confessed judgment that he did not realize that there had been a confessed judgment in the instant case.

Defendant accepted the "notice of judgment and execution thereon" which was served by certified mail on February 4, 2009. Defendant contends in his petition that he recalled receiving this notice, but he did not understand that it belonged to this case. He believed that it belonged to the other case because he had been served with the complaint in that case the previous day. Defendant contends that he has a meritorious defense to the default judgment because he did not execute the personal guarantee. He also opines that he filed the petition

to open promptly within the time of his notice of the confessed judgment on June 11, 2009.

At the hearing on defendant's petition, defendant testified that he had been concerned with Torgro's bankruptcy proceedings so he had not paid too much attention to the legal documents that he had received. Torgro was declared bankrupt on October 1, 2008. Defendant had given the notice of judgment to one of his attorneys, probably the attorney for the bankruptcy case. He had customarily given any legal documents to his attorneys, including in-house counsel for Torgro. In-house counsel may have also represented defendant personally in the past. Defendant acknowledged that the in-house counsel wrote to plaintiff's attorney requesting information about the account at his request. This letter was dated October 1, 2008. Defendant also knew about the payments to plaintiff because he checked Torgro's books.

Based on the foregoing evidence, this court entered the order that defendant now appeals.

## ISSUES

Defendant raises seven errors in his concise statement of errors complained of on appeal.

(1) Whether this court erred in ignoring the evidence that defendant did not execute the personal guarantee containing the confession of judgment which would require the issues to be submitted to a jury and require the opening of the confessed judgment pursuant to Pa.R.C.P. 2959(e).

(2) Whether this court erred in ignoring the evidence that defendant could not have intelligently and volun-

tarily entered into the contract containing the confession of judgment language which would require the issue to be submitted to a jury and require the opening of the confessed judgment pursuant to Pa.R.C.P. 2959(e).

(3) Whether this court erred in ignoring evidence that demonstrated that defendant did not waive the constitutional right to a hearing at which the creditor would have the burden of proving the debt before the judgment was entered against him.

(4) Whether this court erred in not opening the confessed judgment due to the failure of plaintiff and/or the court to serve defendant with the complaint prior to judgment being entered.

(5) Whether this court erred in ignoring evidence that demonstrated that there were compelling reasons for the delay in filing the petition to open and/or strike confessed judgment that would allow the opening of the judgment pursuant to Pa.R.C.P. 2959(3).

(6) Whether this court erred in ignoring evidence that demonstrated that the contract containing the confession of judgment language with the personal guarantee purported to be executed by defendant was forged.

(7) Whether this court erred in ignoring evidence that demonstrated that defendant met the requirements of Pa.R.C.P. 2959 for the opening of the confessed judgment.

## DISCUSSION

This court shall first address the issue of plaintiff's failure to serve defendant with the complaint prior to the entry of the judgment. This issue is without merit.

The sheriff attempted service of the complaint for the confession of judgment on Torgro at its last known address. This service was not effectuated. However, the docket is silent whether defendant was served at his residence. According to the certificate of addresses provided by plaintiff, defendant was to be served at 1721 49th Street, Pennsauken, NJ 08110. This address is defendant's present address and he has received mail there as is shown by the certified receipt for the service of the notice of the judgment and execution. Thus, defendant presumably received service of the complaint.

Even assuming *arguendo* that defendant did not receive service of the complaint for the confession of judgment, it is uncontroverted that defendant received the notice under Pa.R.C.P. 2958.1 of the judgment and execution thereon by certified mail on February 4, 2009, because he signed for it. This date is the material date for determining if defendant timely filed his petition to open the confessed judgment in the case sub judice.

A petitioner requesting the opening of a confessed judgment must act promptly and must aver a meritorious defense in his petition to open. *Hellam Township v. DiCicco,* 287 Pa. Super. 227, 429 A.2d 1183 (1981). Defendant contends that he filed as soon as he had knowledge that a judgment was entered against him. He maintains that he first discovered at another court proceeding on June 11, 2009, that a judgment had been entered against him in this case. This assertion, however, is not supported by the record. Defendant received notice of the entry of the judgment by certified mail on February 4, 2009. Defendant, himself, signed for the

document. Defendant testified that he had just assumed that it had been related to his other case and had given it to one of his attorneys without reading it.

In an analogous case, *The First National Bank of Allentown v. Stoudt,* 237 Pa. Super. 238, 352 A.2d 162 (1975), the appellant claimed a lack of notice when she had received notice, but had chosen not to open it and read it. The Superior Court held that the appellant could not assert lack of notice when she had received notice but had chosen not to read it. In the case sub judice, this court found that defendant had received notice on February 4, 2009, and voluntarily chose not to read it. Therefore, this court determined that defendant's petition to open was untimely.

The determination of whether defendant possesses a meritorious defense is not necessary because defendant did not promptly file his petition to open. Even assuming arguendo that defendant had acted promptly, this court would not have found that defendant had a meritorious defense. Defendant asserts that he did not sign the personal guarantee in the confession of judgment and that it was forged. This court did not find defendant's testimony credible. When questioned by opposing counsel defendant either did not know or did not remember what he had done.

Defendant was the president of his own company. He presumably ran the company and made the ultimate decisions in its operations. He admitted that he inspected the books and was aware that payments were being made to plaintiff. It is inconceivable that if defendant had not executed the agreement and confession or had

not authorized the confession, that he would not have questioned the basis of the payments and demanded to see the agreement. Defendant had in-house counsel available to review contracts. Therefore, this court found that, at the very least, defendant had authorized the account and had known about the confession even if he had not personally signed the confession. Hence, defendant did not have a meritorious defense.

In accordance with the foregoing opinion, this court submits that defendant did not meet the requirements of Pa.R.C.P. 2959 for the opening of a confessed judgment and that the order of this court should be affirmed.