**Hazer v. Zabala**

C.P. of Berks County, no. 10-13202.

*Jerry A. Snyder*, for plaintiffs.
*Richard A. Veon*, for defendant.

SPRECHER, *J.*, January 10, 2011—Defendant appeals the order dated October 14, 2010, that denied and dismissed his petition to strike or open the confessed judgment entered against him by plaintiffs.

This opinion is filed pursuant to Pa. R.A.P. 1925.

## FACTS

Plaintiffs, Murathan Hazer and Suna Hazer, filed a complaint in confession of judgment against defendant, Juan F. Zabala. The parties executed a commercial lease on September 29, 2008, whereby plaintiffs leased a property to defendant. Plaintiffs averred that defendant was in default of the lease due to his failure to pay the rent timely, his withdrawal from the premises prior to the expiration of the lease, and his commission of damages to the premises. Plaintiffs sought damages in the amount of $43,210.00 and attorney fees of $2,500.00. Judgment was confessed on July 16, 2010.

534

On August 11, 2010, defendant filed his petition to strike or in the alternative to open the confessed judgment. Defendant contends that he signed the lease as "Juan Zabala D/B/A Zabala Broker, LLC" (hereinafter, Zabala Broker), and that he executed the rental checks on drafts under that name. He maintains that he individually was never a party to the lease and that he never executed the addendum which provides for the confession of judgment. Defendant also contended that his native language is Spanish and that he did not know that the agreement contained an addendum that provided for a confession of judgment.

Plaintiffs' answer alleged that they had accepted the checks because they had believed that the checks were tendered on behalf of defendant's individual obligations. Zabala Broker is a Delaware limited liability company and was not registered to conduct business in Pennsylvania until December 15, 2008.

At the hearing on defendant's petition, the parties stipulated that defendant had paid the rent on checks drawn from an account entitled "Zabala Broker LLC." Defendant testified that he is the president of Zabala Broker and that the company is registered in Delaware.

Based on the foregoing record, this court denied defendant's petition. Defendant filed a timely appeal.

## ISSUES

Defendant raises the following issues in his concise statement of errors complained of on appeal:

1. Whether the instant litigation involving a confessed judgment against defendant is proper when

the underlying lease is between plaintiffs and Zabala Broker?

2. Whether a Delaware corporation can transact business within the Commonwealth of Pennsylvania under the Corporations Code?

3. Whether a Delaware corporation that enters into a contract with plaintiffs can be sued under Pennsylvania law despite a failure to file a fictitious name with Harrisburg?

4. Whether a draft of a lease other than the lease sued upon can be entered into evidence in violation of the parol evidence rule?

5. Whether a confession of judgment clause (cognovit) must be conspicuously placed in the body of a contract; by bold or capital print; in the signer's native language; and separately signed due to the draconian nature of cognovit clauses?

6. Whether, assuming arguendo, the confession clause is upheld against defendant, the correct amount of damages was calculated by counsel for plaintiffs?

7. Whether the proper party to the instant action is Zabala Broker, based upon the lease and plaintiffs' acceptance of payments by Zabala Broker?

8. Whether plaintiffs accepted sums for rent under the lease from Zabala Broker?

## DISCUSSION

Defendant's first contention is that this litigation

is improper because it involves a confessed judgment between plaintiffs and Zabala Broker. This issue is without merit.

To open a confessed judgment, a party must act promptly and aver a meritorious defense. *Hellam Township v. DiCicco*, 429 A.2d 1183 (Pa. Super. 1981). A petition to open a confessed judgment is an appeal to the equitable side of the court. The judge sits as chancellor and has wide discretion in considering the conflicting evidence and in determining the conclusion to be reached therefrom. *The First National Bank of Allentown v. Stoudt*, 352 A.2d 162 (Pa. Super. 1975).

Defendant did not come before this court with clean hands. He signed the lease as Juan Zabala, then added in printed letters "D/B/A Zabala Broker, LLC." The parties entered into the lease on September 29, 2008. His business was not registered in Pennsylvania as a fictitious name until December 15, 2008, more than two months after the execution of the lease. Thus, defendant was not doing business under a fictitious name in Pennsylvania at the time of the execution of the lease. Even assuming arguendo, that defendant was signing the lease under a fictitious name, he would still be responsible for the lease because a fictitious name is not an entity under Pennsylvania law. Moreover, he did not sign the lease as the president of Zabala Broker. He signed the lease as an individual.

Defendant next asserts that a Delaware corporation can transact business and be sued within the Commonwealth of Pennsylvania under the Corporations Code despite a failure to file a fictitious name in Pennsylvania. This is true.

However, as this argument applies to the case sub judice, it is meritless. Defendant's individual name was typed on the lease. Defendant printed in ink the designation "D/B/A Zabala Broker, LLC." These designations were not initialed by any of the parties, and as stated previously in this opinion, defendant did not sign as president of Zabala Broker.

Defendant's fourth issue is whether a draft of a lease other than the lease sued upon can be entered into evidence in violation of the parol evidence rule. This issue is frivolous. No one objected to the admission of the draft. Therefore, it was admitted. It shows that defendant signed the draft agreement personally without a doing business designation.

Defendant next contends that a confession of judgment clause must be conspicuously placed in the body of a contract, by bold or capital print, in the signer's native language, and separately signed due to the draconian nature of the clause. This argument is disingenuous. No evidence was presented that defendant did not understand the clause. Defendant speaks and writes English. He is a businessman and owns his business. There is no law that states that a cognovit clause must be written in the party's native language. The addendum was incorporated in the lease. The cognovit clause comprised paragraph a, the first paragraph of the addendum. It was neither buried in the body of the lease nor written in smaller print than the remaining body of the lease or addendum. The cognovit clause was, in fact, conspicuous. Thus, these arguments fail.

Defendant's sixth complaint is that the correct amount of damages was not calculated. Defendant did not raise this issue in his petition or present evidence on the issue at the hearing. The first time that this issue was raised was in defendant's brief. Therefore, defendant waived the issue.

Defendant raises several issues regarding the payment of the rent drawn on checks issued by Zabala Broker. These arguments are fripperies. Entities and individuals may pay the debts of other entities and individuals, including those debts incurred by contract. Plaintiffs' acceptance of the payments does not eliminate defendant as the responsible party for the debt or void the essential terms of the lease.

Based on the foregoing discussion, this court found that defendant did not have a meritorious defense to the judgment and submits that defendant's appeal should be dismissed and its order sustained.