**Eastland Communities Inc.
v. Northeast Valley LLC**

*Stacey L. Morgan* and *Jeffrey P. Ouellet,* for plaintiff.

*Shawn M. Long* and *Julie S. Lee,* for defendant.

FARINA, *P.J.,* November 6, 2007—The matter presently before this court is defendant's petition to strike or open confessed judgment. In February 2005, plaintiff, Eastland Communities Inc. conveyed real property to defendant, Northeast Valley LLC pursuant to the terms of an agreement of sale. Under the agreement, defendant acquired the property in exchange for $750,000 in which $200,000 was paid at closing. The remaining $550,000 balance was reflected in a mortgage note and secured by a mortgage on the property. Pursuant to the terms of the note, defendant was required to pay the principal amount of $550,000, without interest, on or before February 2007, failing which, subject to the notice provisions set forth in the note, plaintiff was entitled to confess judgment.

Prior to defendant's acquisition of the property, plaintiff developed an adjacent parcel for residential use. Defendant purchased the property with the intent to have this area rezoned for commercial use. After the agreement was executed, but before the closing, defendant filed a rezoning petition with Ephrata Township Supervisors. Additionally, prior to execution of the agreement, plaintiff was informed by PennDOT that certain modifications to an intersection on the property known as the "Boyer issue" needed to be resolved. The rezoning petition was approved in May 2006. Currently, the Boyer intersection modification issues have not been resolved. Defendant claims that the Boyer issue is pivotal to obtaining approval by Ephrata Township for its modification of a final development plan and securing financing for payment of the note.

On March 26, 2007, due to defendant's failure to pay, plaintiff filed a confession of judgment and complaint in confession of judgment in the amount of $555,000 ($550,000 principal + $5,000 as attorney's commission). Defendant was served with notice of judgment and execution on April 6, 2007. On May 7, 2007 defendant filed its petition to strike or open confessed judgment; plaintiff responded and the parties engaged in a 45-day discovery period.

Defendant petitioned to strike the confessed judgment based on the attorney's commission requested by the plaintiff. Any "challenge[s] to the accuracy of the amounts allegedly due under [a warranty of attorney] . . . should be resolved in a petition to open unless it is evident from the face of the instrument that the amount is grossly excessive or not authorized by the warrant to confess judgment." *Germantown Savings Bank v. Talacki,* 441 Pa. Super. 513, 525, 657 A.2d 1285, 1291 (1995). In the present case, the note authorizes a reasonable attorney's commission.[1] Plaintiff's confession of judgment and complaint requested $5,000 as attorney's commission, authorized by the warrant. This amount is reasonable in light of being less than 1 percent of the principal amount due on the note. See *id.* (Superior Court held that attorney's fees, authorized by the warrant, which were 5

---

1. "Upon the undersigned's default which is not cured after notice as provided above, the undersigned hereby irrevocably authorizes and empowers any attorney of any court of record of Pennsylvania or elsewhere at any time to appear for and to confess judgment against the undersigned, for the unpaid debt, with costs and a reasonable attorney's commission for collection added, and waives and releases all errors and all relief from any and all present and future stay or exemption laws."

percent of the principal were reasonable.) It is evident from the face of the note that an attorney's commission is authorized, without defects,[2] and the amount requested is reasonable. Accordingly, the confessed judgment will not be stricken.

In seeking to open confessed judgment, defendant raises as a defense plaintiff's alleged failure to cooperate with the defendant in securing rezoning of the acquired property and obtaining a modification of the final development plan. For this defense defendant relies upon a written addendum to the parties' agreement that provided:

"[Plaintiff] acknowledges that [defendant] intends to request Ephrata Township to rezone the [P]roperty and to modify the final plan as it relates solely to the [P]roperty. [Plaintiff] shall cooperate (including without limitation the timely execution and delivery of documents without cost to [defendant] as reasonably necessary in [defendant]'s applications) and shall not object to the applications for a rezoning of the [P]roperty, subject to the declaration, as amended."

Defendant contends plaintiff's failure to cooperate has caused a 17-month delay in securing rezoning. Additionally, defendant argues that until plaintiff resolves the Boyer issue Ephrata Township will not approve modification of the final development plan.

---

2. "A motion to strike may not be granted 'if the defect is one that can be remedied by an amendment of the record or other action.'" *Atlantic National Trust LLC v. Stivala Investments Inc.*, 922 A.2d 919, 923 (Pa. Super. 2007).

246

Defendant has raised a meritorious defense to plaintiff's complaint, the resolution of which requires submission of evidence to a jury. Accordingly, defendant has met the standard for opening a confessed judgment[3] and the judgment will be opened.

Accordingly, I enter the following:

## ORDER

And now November 6, 2007, upon consideration of defendant Northeast Valley LLC's petition to strike or open confessed judgment and the briefs of the parties, it is hereby ordered and decreed that defendant's petition to strike is denied and defendant's petition to open confessed judgment is granted.

---

3. Opening a confessed judgment involves equitable principles in which the petitioner must aver a meritorious defense. *Homart Development Co. v. Sgrenci,* 443 Pa. Super. 538, 549, 662 A.2d 1092, 1097 (1995); *First Pennsylvania Bank N.A. v. Lehr,* 293 Pa. Super. 189, 192, 438 A.2d 600, 602 (1980). In determining whether the petitioner presented a meritorious defense the petition requires clear, direct, precise and believable evidence. See *Stahl Oil Co. Inc. v. Helsel,* 860 A.2d 508 (Pa. Super. 2004). Finally, a confessed judgment shall be opened if a "petitioner seeking relief therefrom produces [such] evidence which in a jury trial would require issues to be submitted to a jury." *Greenwood v. Kadoich,* 239 Pa. Super. 372, 375, 357 A.2d 604, 606 (1976).

**In re N.J.H.**