# First National Bank of Pennsylvania v. Booher

C.P. of Lawrence County, no. 10319 of 2004, C.A.

*Thomas T. Frampton,* for plaintiff.
*Thomas W. Leslie,* for defendants.

506

PICCIONE, *J.,* June 25, 2010—Before this court for disposition is defendant's petition to mark judgment satisfied, released, and discharged. The background of this case is as follows. On March 27, 1998, Todd Booher (defendant) and Trinda Booher executed a mortgage in the amount of $1,235,000 in favor of First National Bank of Pennsylvania (plaintiff). Certain real property located in Lawrence County and identified as parcels 4 and 5 was pledged as collateral. Defendant failed to make the necessary mortgage payments, and on March 11, 2004, plaintiff filed a complaint in mortgage foreclosure. After failing to enter an appearance, default judgment was entered against Trinda Booher on June 10, 2004 in the amount of $1,222,026.54 plus interest. The mortgage foreclosure action against defendant, who is no longer married to Trinda Booher, is ongoing.

While the mortgage foreclosure proceedings continued, plaintiff discovered that defendant owned two additional parcels of land identified as parcels 6 and 7. The parcels were not subject to the mortgage, but were subject to the jurisdiction of the federal bankruptcy court as a result of defendants filing for bankruptcy. Plaintiff sought to purchase parcels 6 and 7 from the bankruptcy trustee, and on August 5, 2005, the bankruptcy court approved a sale of the parcels to plaintiff for $22,000 plus real estate taxes and closing costs.

On September 29, 2009, defendant filed the instant petition to mark judgment satisfied, released, and discharged in which defendant alleges that a judgment was entered in plaintiff's favor with respect to parcels 6 and 7 on June 6, 2004 and that plaintiff executed on the

"judgments through a forced judicial execution sale held in the United States Bankruptcy Court for the Western District of Pennsylvania . . . on June 28, 2005." Def.'s pet., at 2. Defendant further alleges that plaintiff acquired the property by a deed executed on August 18, 2005 but failed to file a petition to fix fair market value within six months of the sale, as required under 42 Pa.C.S. §8103 of the Deficiency Judgment Act. On October 13, 2006, plaintiff filed an answer to defendant's petition. After several years of inactivity in this matter, plaintiff filed a motion for disposition of petition on March 1, 2010. The court subsequently heard arguments regarding defendant's petition on April 26, 2010.

42 Pa.C.S. §8103 of the Deficiency Judgment Act provides, in pertinent part, as follows:

"(a) General Rule.—Whenever any real property is sold, directly or indirectly, *to the judgment creditor in execution proceedings* and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interests and costs, the judgment creditor shall petition the court to fix the fair market value on the real property sold . . . .

"(d) Action in absence of petition.—If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided in section 5522 (relating to six months limitation), the debtor . . . may file a petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court hav-

ing jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by section 5522 to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged." 42 Pa.C.S. §8103(a), (d). (emphasis added)

The Deficiency Judgment Act only applies to execution sales involving judgment creditors. *Germantown Savings Bank v. Talacki,* 441 Pa. Super. 513, 524, 657 A.2d 1285, 1291 (1995).

Plaintiff admits that no petition to fix fair market value was ever filed; however, plaintiff argues that the Deficiency Judgment Act is not applicable in this case because the sale of parcels 6 and 7 was not an execution sale. The court agrees that the purchase of the relevant property occurred during defendant's bankruptcy proceeding and was the result of a judicial sale, not an execution sale. The bankruptcy court presided over the sale and ensured that the sale price was adequate. During those proceedings, defendant had the opportunity to dispute the fair market value of the subject property. Instead, defendant sought to address the alleged inadequacy of the purchase price through the petition to mark judgment satisfied, released and discharged. This was not the proper procedure, as no writ of execution was issued and no execution proceeding was initiated by plaintiff with respect to parcels 6 and 7. Because there is no evidence that the sale of parcels 6 and 7 occurred in the context of execution proceedings, section 8103 of

the Deficiency Judgment Act is inapplicable and, therefore, plaintiff was not required to file a petition to fix fair market value.

In reaching this conclusion, the court is guided by the decisions of the Honorable J. Craig Cox and the Superior Court in a similar case involving plaintiff and defendant, *First National Bank v. Booher,* no. 11374 of 2000, C.A. (C.P. Lawrence April 4, 2007); *aff'd,* no. 833 WDA 2007 (Pa. Super. 2008), in that case, defendant executed a mortgage on parcels 1, 2, and 3 of his property in favor of plaintiff on March 27, 1998. Defendant subsequently defaulted on the mortgage, and judgment was entered in favor of plaintiff on May 10, 2002. A sheriff's sale was conducted on July 9, 2003, and plaintiff bought the property for $6,735.40. Plaintiff subsequently purchased parcels 6 and 7 of defendant's property from the bankruptcy trustee, and on August 5, 2005, the bankruptcy court approved the sale. In January of 2007, defendant filed a petition to mark judgment satisfied, released and discharged, arguing that the Deficiency Judgment Act applied to the purchase of parcels 6 and 7. Judge Cox denied defendant's petition, holding that 42 Pa.C.S, §8103 was not applicable because the sale at issue was not an execution sale. On appeal, the decision was affirmed by the Superior Court, which stated:

"In the instant case, the bank purchased the property at a sale by the bankruptcy trustee, and that sale was not related in any way to the foreclosure proceedings. Accordingly, the provisions of the DJA were not applicable, and the bank was not required to file a petition to fix fair

market value of the property purchased at the bankruptcy sale. On this basis, we conclude that the Estate's claim is without merit." *First National Bank V. Booher,* 833 WDA 2007 (Pa. Super. 2008).

Defendant's petition for allowance of appeal to the Pennsylvania Supreme Court was denied.

In light of the decisions of Judge Cox and the Superior Court on this issue as well as the court's own reading of the law, the court concludes that §8103 of the Deficiency Judgment Act does not apply to the current dispute between plaintiff and defendant. Defendant's petition to mark judgment satisfied, released and discharged is denied.

## ORDER

And now, June 25, 2010, the court having held oral argument on April 26, 2010 regarding defendant's petition to mark judgment satisfied, released and discharged, with Thomas T. Frampton, Esquire, appearing and representing the plaintiff, and Thomas W. Leslie, Esquire, appearing and representing the defendant, the court finds and it is hereby ordered and decreed as follows:

(1) Defendant's petition to mark judgment satisfied, released and discharged is hereby denied pursuant to the attached opinion.

(2) The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.