### In re ESTATE OF Etty C. BOARDMAN.

### Appeal of Season Purdy.

Superior Court of Pennsylvania.

Submitted Sept. 3, 2013.

Filed Nov. 20, 2013.

Joel M. Wiest, Sunbury, for appellant.

Robert J. Muolo, Sunbury, for appellee.

BEFORE: PANELLA, MUNDY, and MUSMANNO, JJ.

OPINION BY PANELLA, J.

Appellant, Season Purdy, granddaughter of the decedent, Etty C. Boardman, appeals from the order entered August 13, 2012, by the Honorable Robert B. Sacavage, Court of Common Pleas of Northumberland County Orphans' Court. On appeal, Purdy argues that the trial court erred in determining that no evidence existed to set aside a Family Settlement Agreement signed by Purdy on the basis of fraud, duress, or undue influence. We affirm.

The decedent, Etty C. Boardman, died on August 2, 2008. Thereafter, her Last Will and Testament was probated and Letters Testamentary were granted to the decedent's daughter, Donna E. Ross, as Executrix on August 12, 2008. On June 10, 2009, a Family Settlement Agreement was executed by all named beneficiaries, including the Appellant, Season Purdy. On July 8, 2009, Purdy filed a Petition for Review Under 20 Pa.C.S.A. § 3521, in which she alleged that the Family Settlement Agreement should be set aside based on fraud, duress, or undue influence. On October 13, 2009, Purdy filed a Petition for a Citation to Show Cause Why an Account Should Not Be Filed in Accordance With 20 Pa.C.S.A. § 3501.1. On August 8, 2012, the orphans' court conducted a hearing, after which the court granted the Estate's oral motion for compulsory nonsuit. This timely appeal followed.

On appeal, Purdy raises the following issue for our review:

Did the [t]rial [c]ourt abuse its discretion or legally err in failing to find the existence of fraud and/or undue influence in the Appellant's execution of the

proffered Family Settlement Agreement in the instant matter?

Appellant's Brief, at 4.

■ We review the entry of compulsory nonsuit as follows:

> [T]he trial court, on the oral motion of a party, may enter a nonsuit if the plaintiff has failed to establish a right to relief. Pa.R.C.P., Rule 230.1, 42 Pa. C.S.A. In evaluating the trial court's grant of a nonsuit, "we must view the evidence adduced on behalf of the [plaintiff] as true, reading it in the light most favorable to [her]; giving [her] the benefit of every reasonable inference that a jury might derive from the evidence and resolving all doubts, if any, in [her] favor." *Sinclair by Sinclair v. Block,* 534 Pa. 563, 568, 633 A.2d 1137, 1139 (1993). *Accord Taliferro v. Johns–Manville Corp.,* 421 Pa.Super. 204, 208, 617 A.2d 796, 799 (1992). Additionally, a compulsory nonsuit may be entered only in cases where it is clear that the plaintiff has not established a cause of action. . . . When so viewed, a non-suit is properly entered if the plaintiff has not introduced sufficient evidence to establish the necessary elements to maintain a cause of action. . . . *Taliferro v. Johns–Manville Corp.,* 421 Pa.Super. at 208, 617 A.2d at 799. With respect to the trial court's evidentiary rulings, "[q]uestions concerning the admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. The basic requisite for the admissibility of any evidence in a case is that it be competent and relevant." . *Moran v. G. & W.H. Corson, Inc.,* 402 Pa.Super. 101, 125, 586 A.2d 416, 428 (1991), *allocatur denied,* 529 Pa. 650, 602 A.2d 860 (1992).

*Keffer v. Bob Nolan's Auto Service, Inc.,* 59 A.3d 621, 631 (Pa.Super.2012) (citation omitted).

■ As noted, counsel for the Estate orally requested the entry of compulsory nonsuit at the close of Purdy's case, on the basis that Purdy failed to establish that she entered the Family Settlement Agreement due to fraud, duress, or undue influence. "Family settlement agreements are favored in this Commonwealth because they are an attempt to avoid potentially divisive litigation." *In re Estate of Brojack,* 321 Pa.Super. 154, 467 A.2d 1175, 1179 (1983). "[W]here a fair and valid agreement is present it will be upheld whenever possible; in the absence of fraud the agreement is binding even though based on an error of law." *Id.* (citation omitted).

■ Purdy argues that under the decedent's Last Will and Testament, she would have received the one-third share of the estate bequeathed to Colin L. Boardman, Purdy's natural father, who passed away after the decedent's will was written. Purdy claims that upon Colin Boardman's death, his share of the estate legally lapsed to her as Colin Boardman's only child. Appellant's Brief, at 9. Under the terms of the Family Settlement Agreement signed by Purdy, she received only approximately five percent of the Estate, or $3,000.00. *Id.,* at 10. Purdy maintains that she was fraudulently induced to sign the Family Settlement Agreement by her aunt, Donna Ross, Executrix of the Estate, whom Purdy alleges intentionally failed to inform her of the larger share of the Estate to which she was entitled if she had not signed the Family Settlement Agreement.

> It is well established that fraud consists of anything calculated to deceive, whether by single act or combination, or by suppression of truth, or suggestion of what is false, whether it be by direct

falsehood or by innuendo, by speech or silence, word of mouth, or look or gesture. *Frowen v. Blank*, 493 Pa. 137, 143, 425 A.2d 412, 415 (1981). We have held that "[f]raud is composed of a misrepresentation fraudulently uttered with the intent to induce the action undertaken in reliance upon it, to the damage of its victim." *Thomas v. Seaman*, 451 Pa. 347, 350, 304 A.2d 134, 137 (1973). The concealment of a material fact can amount to a culpable misrepresentation no less than does an intentional false statement. *Commonwealth v. Monumental Properties, Inc.*, 459 Pa. 450, 484, 329 A.2d 812, 829 (1974). Nevertheless, a party alleging fraud has the burden of proving the same by clear and convincing evidence.

*Moser v. DeSetta*, 527 Pa. 157, 163, 589 A.2d 679, 682 (1991).

Our review of the record indicates, at most, that Purdy may not have fully understood her share of the Estate under the Will and Testament versus the Family Settlement Agreement. Not fully understanding the agreement is not the same as being defrauded. Despite her argument that "[n]o one told her that she was entitled to more monies than were 'gifted' to her in the Family Settlement Agreement," she admittedly received a copy of the decedent's Last Will and Testament but did not review it prior to signing the agreement, or retain counsel to do so on her behalf. Nor did she fully read the Family Settlement Agreement prior to signing it. "It is well established that, in the absence of fraud, the failure to read a contract before signing it is 'an unavailing excuse or defense and cannot justify an avoidance, modification or nullification of the contract'; it is considered 'supine negligence.' " *Germantown Sav. Bank v. Talacki*, 441 Pa.Super. 513, 657 A.2d 1285, 1289 (1995) (citing *Standard Venetian*

*Blind Co. v. American Emp. Ins. Co.*, 503 Pa. 300, 469 A.2d 563, 566 note (1983)).

While we commiserate that Purdy may have signed away her interest in the Estate under the Last Will and Testament without fully comprehending the consequences of her actions, the record falls short of any proof of fraud. We therefore concur with the orphans' court's assessment that fraud was not established.

■■■ Alternatively, Purdy argues that there existed a confidential relationship between herself and her aunt, Donna Ross. A confidential relationship is deemed to exist when

> the circumstances make it certain the parties do not deal on equal terms, but, on the one side there is an overmastering influence, or, on the other, weakness, dependence or trust, justifiably reposed.

*Owens v. Mazzei*, 847 A.2d 700, 709 (Pa.Super.2004) (citations omitted). Likewise, a confidential relationship "is marked by such a disparity in position that the inferior party places complete trust in the superior party's advice and seeks no other counsel." *In re Estate of Fritts*, 906 A.2d 601, 608 (Pa.Super.2006).

To support the existence of a confidential relationship, Purdy insists that she didn't read the Will or Family Settlement Agreement, or retain an attorney on her behalf because she "didn't feel it was necessary because this was my family who [she] had a relationship with, and [she] didn't think that it was going to happen like this." Appellant's Brief, at 21–22. She further argues that she trusted her aunt and felt there was a close relationship between them even though she only saw her three or four times a year. *Id.* at 22.

Purdy's feelings towards her aunt alone are insufficient to establish that Donna Ross maintained an "overmastering influence" over their relationship, or that they

dealt on unequal terms. Simply put, Purdy submits no allegations from which to infer that she invested such a level of trust by virtue of her own weakness or inability, to warrant the conclusion that a confidential relationship was formed.

As Purdy has simply failed to present any evidence that she was induced to sign the Family Settlement Agreement by fraud, duress, or undue influence, we find no error in the orphans' court's entry of compulsory nonsuit. Accordingly, we affirm the order of the lower court.

Order affirmed. Jurisdiction relinquished.