J. A10038/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MEDISYS, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| STEPHANIE HUNSBERGER, | : | No. 2594 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered August 5, 2016,
in the Court of Common Pleas of Chester County
Civil Division at No. 2015-08867

BEFORE: DUBOW, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED DECEMBER 08, 2017**

Stephanie Hunsberger ("Hunsberger") appeals the August 5, 2016 order of the Court of Common Pleas of Chester County that denied Hunsberger's petition to open confessed judgment. After careful review, we affirm.

Hunsberger was the sole owner of Medisys Solutions, LLC ("Solutions"). Hunsberger created Solutions to purchase the assets of Medisys, Inc. ("Medisys"). On March 12, 2015, Solutions and Medisys entered into an asset purchase agreement ("Agreement") whereby Solutions would purchase the assets that had been necessary for Medisys to operate its business of providing data collection, project management, and training services to healthcare companies and managed care organizations. On March 23, 2015, the parties executed an amendment to the Agreement.

Under the terms of the Agreement and the amendment, Solutions agreed to pay Medisys the amount of $1,200,000. Solutions agreed to pay $800,000 at closing with $355,222.60 paid to the escrow agent to cover 110% of Medisys's federal, state, and local tax liability with the remainder of the $800,000 to be paid to Medisys. In addition, the sum of $400,000 was to be paid by Solutions to Medisys over time pursuant to the terms of a promissory note. Under the terms of the promissory note, Solutions was required to pay the $400,000 back in 60 equal monthly payments of $7,522.32 due on the first of each month. The promissory note also contained the following language concerning a guaranty agreement ("Guaranty"):

> D. GUARANTY AGREEMENT. The obligations of [Solutions] hereunder are secured by that certain Guaranty Agreement dated concurrently herewith, executed by [Hunsberger] and [Medisys], whereby [Hunsberger] guarantees the complete performance of the obligations of [Solutions] under this note. [Medisys] may elect, at its option, to seek enforcement of this Note against [Hunsberger] without first exhausting its rights against [Solutions].

Promissory note, 3/27/15 at 2.

Under the Guaranty, Hunsberger guaranteed payment of any and all sums now or hereafter owing to Medisys from Solutions. Of most interest to the dispute between the parties here are Sections 9 and 10 of the Guaranty which provided, as follows:

> Section 9. <u>Obligations Are Unconditional</u>. The payment and performance of the Obligations shall be the absolute and unconditional duty and obligation of [Hunsberger], and shall be independent of any defense or any rights or setoff, recoupment or counterclaim which [Hunsberger] might otherwise have against [Medisys], and [Hunsberger] shall pay and perform these Obligations, free of any deductions and without abatement, diminution or setoff. Until such time as the Obligations have been fully paid and performed, [Hunsberger]: (a) shall not suspend or discontinue any payments provided for herein; (b) shall perform and observe all of the covenants and agreements contained in this Guaranty; and (c) shall not terminate or attempt to terminate this Guaranty for any reason. No delay by [Medisys] in making demand on [Hunsberger] for satisfaction of the Obligations shall prejudice or in any way impair [Medisys's] ability to enforce this Guaranty.
>
> Section 10. <u>Defenses Against Maker</u>. [Hunsberger] waives any right to assert against [Medisys] any defense (whether legal or equitable), claim, counterclaim, or right of setoff or recoupment which [Hunsberger] may now or hereafter have against [Medisys].

Guaranty Agreement, 3/27/15 at 3, §§ 9 and 10.

The Guaranty also provided for a confession of judgment clause in Section 25 against Hunsberger in the event of a default.

Solutions made the required payments due on April 1 and May 1, 2015. On May 11, 2015, Solutions issued a check to Medisys in the amount of $9,840.14 along with a spreadsheet that indicated that Solutions was attempting to offset the amount due. On May 18, 2015, Medisys's counsel sent a default notice to Solutions's counsel. On July 31, 2015, Hunsberger,

in her capacity as a member of Solutions, informed Kimm Ebersole, president and chief executive officer of Medisys, that certain representations, warranties, and covenants made by Medisys were misleading. The letter also stated that Solutions had suffered losses as defined in Section 8.1 of the Agreement so that Solutions was entitled to reduce the principal amount payable pursuant to the promissory note. Solutions informed Medisys that its losses totaled $472,087.81. A reduction of that amount exceeded the amount due on the promissory note.

By letter dated August 20, 2015, Medisys rejected the statements Hunsberger had made in the July 31, 2015 letter and stated that Solutions had defaulted for a third time under the promissory note.

On September 23, 2015, Ashley L. Beach, counsel for Medisys, confessed judgment in favor of Medisys and against Hunsberger in the amount of $399,470.18 which consisted of unpaid principal due under the Guaranty, $2,343.88 in interest which accrued prior to default, $3,083.50 in interest which accrued after the default, and $19,022.39 in attorneys' fees. That same date, Medisys also filed a complaint in confession of judgment.

On October 23, 2015, Hunsberger petitioned to strike or open the confessed judgment. In the petition to strike, Hunsberger alleged that that the Agreement stated that there were two possible venues for an action arising out of the Agreement: the Court of Common Pleas of Berks County and the United States District Court for the Eastern District of Pennsylvania.

Because Medisys filed the confession of judgment in the trial court and not in the two venues set forth in the Agreement, Hunsberger asserted that the confession was unauthorized and should be struck.[1]

In the petition to open confessed judgment, Hunsberger alleged the following:

> 19. As a result of the factual averments set forth in this Petition, Hunsberger has the following meritorious defenses that warrant that the confessed judgment be opened:
>
>    a. Medisys, by and through the conduct of its staff and its former owner, Kimm Ebersole ("Ebersole"), has misrepresented and/or omitted several material facts incident to the Transaction.
>
>    b. Medisys, by and through the conduct of its staff and its former owner, Ebersole, has breached the Agreement.
>
>    c. Medisys, by and through the conduct of its staff and its former owner, Ebersole, has committed acts of material misrepresentation and nondisclosure incident to the Transaction.
>
>    d. Some or all of Medisys'[s] claims are void and unenforceable.
>
>    e. Medisys'[s] claims are barred by the doctrine of offset.

---

[1] By order dated April 13, 2016, the trial court denied the petition to strike. Hunsberger did not appeal that order.

> f. Medisys'[s] claims are barred by the doctrine of illegality.
>
> g. Medisys'[s] request for relief is barred by the doctrine of unclean hands.
>
> h. Any monies which Medisys claims are owed to it by Hunsberger are offset by monies owed to [Solutions] by Medisys.
>
> i. Medisys'[s] claims are bared in whole or in part for failure to act in good faith.
>
> j. Medisys'[s] claims are barred in whole or in part by the terms of the agreements between Medisys, [Solutions], Ebersole, and Hunsberger.
>
> k. Hunsberger's actions were entirely appropriate.
>
> l. Hunsberger reserves the right to raise any additional defenses not raised herein of which she may become aware through discovery, further investigation, or otherwise, to assert any other defenses as they become available.

"Petition to Strike or Open Confessed Judgment", 10/23/15 ("Petition") at 4-5.

In the petition, Hunsberger asserted that Medisys had unlawfully retained contract payments from its prior clients that were due to go to Solutions under the Agreement. Hunsberger also asserted that Medisys failed to assist in the transition from Medisys to Solutions so that Solutions

lost clients and misrepresented the number of medical records that had to be reviewed under the contract with Health Partners. Hunsberger further asserted that Medisys did not facilitate the transition of its Information Technology systems and misrepresented the condition of its information technology infrastructure. Hunsberger also alleged that Medisys did not pay taxes due as required under the Agreement and did not account for deferred revenue. Hunsberger concluded by alleging that Solutions was permitted to offset its losses against the amount due on the promissory note. (Petition at 8-26.)

Following discovery and the submission of briefs, the trial court denied the petition to open by order filed on August 4, 2016. On August 9, 2016, Hunsberger filed a timely notice of appeal. The trial court ordered Hunsberger to file a statement of errors complained of on appeal, pursuant to Pa.R.A.P. 2119(b). Hunsberger complied with the order on September 2, 2016. The trial court did not issue a new opinion but referred to the reasoning set forth in footnote 1 of its August 4, 2016 order. In footnote 1, the trial court stated:

> Hunsberger does not deny that she executed the Guaranty, that it was an unconditional guaranty and that she agreed to the above quoted language, including the waiver language. Rather, Hunsberger argues that although she has "waived a right to assert a setoff or counterclaim for damages unrelated to the [Agreement] . . . [t]he waiver language of Section 9 of the Guaranty does not apply to the contractual reductions set out in the

[Agreement] [Section 7] and incorporated into the Note."

The question thus presented to the court by Hunsberger is this: do the various provisions of the Guaranty preclude Hunsberger from asserting the defense she calls 'contractual reductions?['] The court finds that they do.

## **Hunsberger waived her right to assert her current defenses.**

The plain and unambiguous language of the Guaranty, including its waiver provision, renders Hunsberger's obligations under the Guaranty absolute and unconditional. Hunsberger agreed that this absolute and unconditional obligation would be "independent of *any* defense or any rights of setoff, recoupment, or counterclaim." Hunsberger also agreed that her obligation to pay and perform would be "free of *any* deductions and without abatement, diminution or setoff." The parties could not have made it clearer that in executing the Guaranty Hunsberger waived her right to challenge her obligation to pay and perform.

Faced with such clear waiver terms, Hunsberger argues that her defense is not one of "common law" setoff – which she acknowledges was waived in the Guaranty – but a defense of 'contractual reduction.' Whether couched as a common law defense or a contractual defense, Hunsberger waived her right to assert either when she agreed to an unconditional and absolute duty in the Guaranty.

First, Hunsberger's recent re-characterization of her defense stands in stark contradiction to the Petition to Open she verified and filed with the court. In petitioning the court to open the confessed judgment, Hunsberger recited the same facts regarding the alleged losses sustained by Solutions which she expands upon in her brief, and averred that she had the following meritorious defenses:

(b) Medisys'[s] claims are barred by the *doctrine of offset.*

. . .

(h) any monies which Medisys claims are owed to it by Hunsberger *are offset by monies owed to Solutions by Medisys*[.]

Changing the order of the words does not change the nature of the defense raised. Hunsberger waived her right to assert any right of setoff or "offset[."]

Second, Hunsberger agreed that her obligation to perform was "free of any deductions and without abatement, dimunition . . . ." Her claim of a "contractual reduction" is nothing more than a deduction, a right she also waived.

Third, the waiver provision makes clear that Hunsberger waived *any* defense, not just a claim of setoff. The Guaranty states that Hunsberger's obligation is independent of (1) any defense, **or** (2) any rights of setoff, recoupment, **or** (3) any counterclaim (emphasis added [by trial court]). The use of the disjunctive "or" indicates the parties' intention to preclude Hunsberger from asserting any of the above. The phrase "any defense" cannot be read to be tied only to "setoff or recoupment[."] If that were the parties' intention, then it too would have been stated in the plural as was the term "rights." It was not and represents a separate category of things waived by Hunsberger.

Finally, Hunsberger's claim that she is entitled to have the judgment opened to challenge the amount of the debt owed because of the reductions taken by Solutions is also without merit. Although Hunsberger cites secondary sources for the proposition that the "general rule" is that a guarantor's liability will not exceed the debtor's liability, the general rule as cited relates to defenses of the debtor which a guarantor may then raise.

Hunsberger, however, has waived all such defenses in her absolute and unconditional Guaranty. Furthermore, as set forth in Section 6 of the Guaranty, Hunsberger's obligations remain valid and binding "even if the obligations of [Solutions] to [Medisys] which are guaranteed hereby are now or hereafter become invalid or unenforceable for any reason." Thus, if Solutions'[s] obligation to pay the $400,000 is unenforceable due to failures on the part of Medisys (what Hunsberger now calls "contractual reductions"), under the Guaranty, Hunsberger would still be obligated to pay the sum due and owing Medisys at the time she executed the Guaranty.

Furthermore, the right to take reductions was that of Solutions, not Hunsberger. Moreover, although the Note acknowledges that the "principal sum shall be subject to reduction pursuant to Section 7" of the [Agreement], it also expressly provides that any such reduction will not change the payment amounts due in any future month. The parties do not dispute that the amounts required for the first three (3) months were not paid in full by Solutions and no further payment was made. Even if Solutions was entitled to "reductions" of the principal sum for "losses," it could only make such reductions after providing thirty (30) days['] written notice to Medisys, which notice it did not provide. Thus, any right to reduce the principal referenced in the Note is expressly contingent upon compliance with notice terms of the [Agreement], with which Solutions failed to comply.

Hunsberger's alleged defenses, meritorious or not, were waived by her when she executed the Guaranty and cannot be asserted here as justification for opening the judgment.

Trial court order, 8/4/16 at footnote 1 pp. 4-6 (emphasis in original).

On appeal, Hunsberger raises the following issues for this court's review:

> [1.] Did the [trial] court err as a matter of law by finding that the Guaranty precludes Ms. Hunsberger from challenging the confessed judgment based on the principal obligor's exercise of its right, pursuant to the express provisions of the Note, to unilaterally reduce the amount due and owing under the Note?
>
> [2.] Did Ms. Hunsberger allege and presented [sic] meritorious defenses to the confessed judgment and produce sufficient evidence to warrant submission of the case to a jury, where the principal obligor exercised its right to reduce the amount due and owing under the Note seven weeks before Appellee confessed judgment against Ms. Hunsberger under the Guaranty?

Hunsberger's brief at 3.

A petition to open a confessed judgment is an appeal to the equitable powers of the trial court. *Homart Dev. Co. v. Sgrenci*, 662 A.2d 1092, 1097 (Pa.Super. 1995). A confessed judgment will be opened only where the petitioner acts promptly, asserts a meritorious defense, and presents sufficient evidence of that defense to warrant submitting the issues of the case to a jury. *Iron Worker's Sav. & Loan Ass'n v. IWS, Inc.*, 622 A.2d 367, 370 (Pa.Super. 1993).

> In making such a determination, the court employs the same standard as that of the directed verdict— viewing all the evidence in the light most favorable to the petitioner and accepting as true all evidence and proper inferences therefrom supporting the defense while rejecting adverse allegations of the party obtaining the judgment.

*Id.*

- 11 -

We will not disturb the trial court's refusal to open a confessed judgment absent an abuse of discretion or error of law. *Germantown Sav. Bank v. Talacki*, 657 A.2d 1285, 1289 (Pa.Super. 1995).

Rules for opening a confessed judgment are set forth at Pennsylvania Rule of Civil Procedure 2959:

> (b)    If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. . . .
>
> . . . .
>
> (e)    The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. . . . If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.

Pa.R.C.P. 2959.

Initially, Hunsberger contends that the trial court erred when it concluded that she waived her right to challenge the amount of the confessed judgment. First, she asserts that a guarantor is always permitted to challenge the amount of debt the guaranty secures. She explains that Solutions determined that it could reduce the amount of the debt owed to Medisys due to various breaches of the Agreement. As a result of these breaches, Hunsberger asserts that the losses exceeded the amount of the debt and extinguished the debt. Hunsberger argues that in the absence of waiver, a challenge to the amount of an obligation "due and owing" is always

permitted so long as the judgment debtor contests the judgment amount in his or her petition to open. (Hunsberger's brief at 16.)

This court notes that the case Hunsberger cites for support for this proposition, ***Olson v. Sayers***, 2014 WL 10794989 (Pa.Super. Oct. 21, 2014), is an unpublished memorandum opinion of this court and has no precedential value. ***See*** Pennsylvania Superior Court I.O.P. 65.37. Further, the case cited in ***Olson*** for this point of law, ***Germantown Sav. Bank v. Talacki***, 657 A.2d 1285, 1291 (Pa.Super. 1995), does not address the issue of waiver which is present here.

The trial court determined that the Guaranty signed by Hunsberger was unconditional. An unconditional guaranty is one "whereby the guarantor agrees to pay or perform a contract without limitation." ***Continental Leasing Corp. v. Lebo***, 272 A.2d 193, 197 (Pa.Cmwlth. 1970). The trial court also determined from the plain and unambiguous language of the Guaranty that Hunsberger waived the defenses or rights of setoff, recoupment, and counterclaim. The trial court also determined that Hunsberger waived any deductions, abatement or diminution and any defense not just setoff, recoupment, or counterclaim. A review of the record confirms the trial court's examination of the Guaranty. This court's review of the record, the trial court opinion, and the parties' briefs leads this court to conclude that the trial court did not abuse its discretion or commit an error of law when it denied the petition to open.

Hunsberger next contends that the general rule is that the guarantor's liability will not exceed the principal debtor's liability. However, the case Hunsberger cites for support, **_Ford Motor Credit Co. v. Lototsky_**, 549 F.Supp. 996 (E.D. Pa. 1982), also states that because a contract of guaranty is a separate undertaking, a guarantor may assume a contractual liability greater than that of the debtor. Therefore, the case cited by Hunsberger does not support the proposition she espouses. Also, it should be noted that Medisys indicates in its brief that Medisys and Solutions are currently in litigation in the Court of Common Pleas of Berks County regarding the alleged setoff and reduction in the note.

Hunsberger also asserts that the language of the Guaranty did not effect a waiver of the right to challenge the amount of the debt the Guaranty secures. Hunsberger argues that the Guaranty only waived defenses and rights of setoff, recoupment, and counterclaim that were personal to Hunsberger and not ones that applied to Solutions. However, Hunsberger ignores Section 6 of the Guaranty which states, "This Guaranty shall be valid, binding, and enforceable even if the obligations of the Maker [Solutions] to the Holder [Medisys] which are guaranteed hereby are now or hereafter become invalid or unenforceable for any reason." Therefore, under Section 6, Hunsberger, as guarantor, would still have a duty under the Guaranty even if Medisys somehow did not fulfill its obligations to Solutions.

Hunsberger next asserts that Solutions has the right to take a reduction in the amount owed under the note and that it is hornbook law that a guarantor may assert the defenses of the principal obligor. While that may be the case generally, Hunsberger ignores the explicit waiver in the Guaranty.

Hunsberger also contends that Solutions's right to take reductions against the note for incurred losses has not been compromised because it complied with the terms of the Agreement when it notified Medisys of the reduction to which it believed it was entitled. As we have already found that Hunsberger waived all defenses, we need not address this issue. Similarly, this court need not address the second main issue raised by Hunsberger that she presented meritorious defenses to the confessed judgment and sufficient evidence to warrant submission to a jury because Hunsberger waived any defenses under the Guaranty.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2017